[L. A. No. 474.   Department One.—May 15, 1899.]

FRANK ABRAHAMS, an Incompetent Person, by Henry Stieler, Guardian, et cetera, Respondent, v. LOS ANGELES TRACTION COMPANY, Appellant.

NEGLIGENCE—COLLISION OF ELECTRIC CAR WITH SPRINKLING CART.—The motorman of an electric car, in approaching at high speed, in the rear of an unwieldy sprinkling cart, weighing about five tons, which was known to him to be rightfully upon the track, in its customary position, for the purpose of sprinkling the street, could not reasonably assume that the street-car track could be quickly cleared by such cart, nor that a warning given by him, by the sounding of a gong, seven hundred feet away, would

necessarily be heard by the driver of the cart. The motorman would not be justified in quickening his speed and advancing without further warning, on the assumption that the signal so given would be heard and obeyed by the driver of the sprinkling cart in time to clear the passing car; and the street railway company is responsible for damages resulting to the driver of the sprinkling cart from a collision therewith by the electric car.

ID.—CONTRIBUTORY NEGLIGENCE—RECKLESS COLLISION.—Persons cannot be recklessly and wantonly run down on a railroad track, however negligent themselves, where the circumstances are such as to convey to the mind of a reasonable man a question whether they will be able to get out of the way; and this rule applies especially where the person recklessly collided with is driving an unwieldy vehicle.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. M. T. Allen, Judge.

The facts are stated in the opinion.

Edwin H. Lamme, and E. E. Milliken, for Appellant.

Brooks & Trask, and S. S. Lawson, for Respondent.

CHIPMAN, C.—Action for personal injury. Trial by jury, and verdict for plaintiff in the sum of three thousand dollars. Defendant appeals from the judgment entered upon the verdict and from an order denying defendant's motion for a new trial.

Plaintiff was employed to drive a sprinkling wagon by one Cross, in whose employ he had been for three years, in the city of Los Angeles; Pico and Georgia Bell streets run at right angles to each other, the latter north and south; double street-car tracks pass over Georgia Bell street at the points in question; on the morning of November 20, 1895, plaintiff filled his tank and drove to Pico street, as was his custom, and thence along Pico street to its junction with Georgia Bell street, which latter he was to sprinkle; as he entered Georgia Bell street a car passed going south, and he turned and followed this car along the track toward Sixteenth street. He testified: "On entering the street I turned around in order to see whether I could see a car or hear a bell. I saw no car nor did I hear a bell. And then I followed the car at a rapid pace in order to sprinkle, and during the sprinkling I turned around several

times in order to see that no accident might happen, for I had always sprinkled in that manner without any accident." Again he testified: "I entered Georgia Bell street; I kept the right wheels of my sprinkling cart upon the west side of the right-hand track or rail of the street-car track. We always so entered, drove and sprinkled continually in that way." At a distance of about six hundred or seven hundred feet from Pico street he met a car coming north on the other track to his left. He testified: "I drew my mules a little distance from the track, so I might not sprinkle the car as it passed me." About this same time a car coming behind him struck his cart with great force and threw him forward under the mules' feet.

Appellant relies upon the case of *Everett v. Los Angeles Ry. Co.*, 115 Cal. 105. In that case the court said: "In walking or riding along a line of railway where cars or trains are passing or likely to pass at short intervals, one while in a position to be endangered by such vehicles must pay attention to his surroundings, and employ his natural faculties, and exert due diligence to avoid such danger, and he must listen and look to ascertain whether danger is threatened, by his situation, and a failure so to do constitutes negligence *per se.*" Again: "With greater reason does this rule apply to one who is traveling laterally along the line of a railroad and knows that engines will soon follow. . . . . It is negligence for a person to walk upon the track of a railroad, whether laid upon a street or upon an open field, and he who deliberately does so will be presumed to have assumed the risk of the peril he may encounter." Quoting these paragraphs, appellant contends that they apply here and are conclusive against plaintiff's right to recover. The two cases are widely divergent in their facts. Everett was riding a bicycle which with little strength exerted by the rider could almost instantly be turned aside sufficiently to escape an approaching car; the motorman sounded the gong and used every means to warn the rider of the car's approach, and persons on a passing car called out a warning to him; the speed of the car was reduced, the reverse lever was used, and all available means, by warning and by the appliances of the car, were used to avoid the accident, to all of which Everett gave no heed. Abrahams was on the track rightfully to water the street, and where he

had been accustomed to go, and with the knowledge of the man operating the street-cars; as he turned into Georgia Bell street, he looked north and saw no car approaching; he followed rapidly behind a passing car, sprinkling the street as he went, and "turned around·several times in order to see that no accident might happen"; his vehicle and its load, the evidence showed, weighed about five tons; the noise made by his wagon and the falling water readily accounts for his not hearing the only warning bell, sounded seven hundred feet away from him; the approaching motorman came on with accelerated speed and did not attempt to slacken it until within two or three car lengths—one witness said ten feet—of the wagon; he gave no alarm at that time or immediately before, and failed to use the most effective appliance at hand, but used one which he testified was defective and incapable of stopping the car quickly. It must be apparent that the two cases do not admit of the same rules of law. In approaching at high speed so unwieldy a vehicle as a modern sprinkling cart a motorman of an electric-car cannot reasonably assume that the track will be cleared as quickly as by a bicycle. In our cities, where heavily freighted wagons and vehicles of every description frequently take the track of the street-cars, common observation teaches what must be presumed to be well known to motormen, that a warning seven hundred feet away to the driver of a sprinkling cart, by sounding the car-gong, may not be heard by the driver of the wagon; and the motorman would not be justified in quickening his speed to the highest point and advancing without further warning on the assumption that the signal would be heard and obeyed in time to clear the car. It was said in the Everett case: "Persons cannot be recklessly and wantonly run down on a railroad track, however negligent themselves, where the circumstances are such as to convey to the mind of a reasonable man a question whether they will be able to get out of the way." The court thought the evidence did not tend in that case to make such a case. We think the evidence in the case before us did tend to make just such a case.

We think the case was fairly submitted to the jury by the instructions given, and that the judgment and order should be affirmed, and it is so advised.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.

Hearing in Bank denied.