[S. F. No. 2226.    In Bank.—May 9, 1901.]

EMMA WAHLGREN, Respondent, v. MARKET STREET RAILWAY COMPANY, Appellant.

ACTION FOR NEGLIGENCE—COLLISION OF STREET-CAR WITH FOOT-PASSENGER—EVIDENCE WARRANTING VERDICT.—In an action for negligence in causing a street-car to collide with the plaintiff, who was a footpassenger upon the sidewalk, where the evidence showed that the car was crossing the sidewalk at the car-house at the rate of three miles per hour when the collision occurred, and that no warning or signal was given, and no lookout was kept to avoid a collision, the jury were warranted in concluding that the injury to the plaintiff from the collision was the result of the defendant's negligence.

ID.—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF—QUESTION FOR JURY.—It cannot be said, as matter of law, that it was contributory negligence for the plaintiff to cross the track, which ran over the side-

walk into the car-house, under the circumstances in proof; but it was a question for the jury to determine.

ID. — NEGLIGENCE, WHEN A QUESTION OF FACT — ABSENCE OF CONFLICT-ING EVIDENCE — DIFFERENT CONCLUSIONS. — Negligence is a question of fact for the jury, even though there is no conflict in the evidence, if different conclusions upon the subject can rationally be drawn from the evidence. If one sensible and impartial man might decide under the facts that the plaintiff had exercised ordinary care, and another that he had not exercised such care, the question of contributory negligence must be left to the jury.

ID. — REFUSAL OF CORRECT INSTRUCTION — CONTRIBUTORY NEGLIGENCE — DANGER UNKNOWN TO DEFENDANT — CHARGE OF COURT. — The refusal of a correct instruction, requested by the defendant, upon the subject of the contributory negligence of the plaintiff if there was a failure to use ordinary care in looking and listening, and the non-liability of the defendant for the injury if plaintiff was guilty of contributory negligence, and the plaintiff's danger was actually unknown to the defendant, even though the defendant was guilty of negligence, is not prejudicial where all the elements of such instruction were included in the charge given by the court.

ID. — INSTRUCTION AS TO DISCOVERY OF PLAINTIFF'S DANGER — NEGLECT TO AVOID ACCIDENT — PROXIMATE CAUSE OF INJURY. — An instruction, that if the defendant's employees discovered the plaintiff's danger, notwithstanding plaintiff may have been negligent, in time to have avoided the accident by the exercise of ordinary care, the later negligence of the defendant's employees, if any, is the proximate cause of the injury, was properly given, where a basis therefor was laid in the cross-examination of a witness for the defendant.

ID. — VERDICT NOT EXCESSIVE. — A verdict for one thousand dollars damages is not excessive, where it appears that, as the result of the defendant's negligence, the arm of the plaintiff was broken near the wrist, and was kept in splints for two months, and at the time of the trial, eleven months after the injury, was still weak, and was subject to attacks of rheumatism upon change of the weather.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. William R. Daingerfield, Judge.

The facts are stated partly in the opinion of the court in Bank, and more fully in the opinion rendered in Department One.

F. P. Dunne, and Dunne & McPike, for Appellant.

The failure of the plaintiff to look and listen for a street-car entering the car-house before attempting to cross the track was contributory negligence, which should bar the plaintiff's ac-

tion. (*Glascock* v. *Central Pac. R. R. Co.*, 73 Cal. 137, 140; *Mc-Graw* v. *Friend etc. Lumber Co.*, 120 Cal. 574, 579, 580; *Clark* v. *Bennett*, 123 Cal. 275; *Everett* v. *Los Angeles etc. Ry. Co.*, 115 Cal. 106, 123, 125; *Bailey* v. *Market Street etc. Ry. Co.*, 110 Cal. 320, 328, 329; *McClain* v. *Brooklyn City Ry. Co.*, 116 N. Y. 459; *Carson* v. *Federal Street etc. Ry. Co.*, 147 Pa. St. 219;[1] *Buzby* v. *Philadelphia Traction Co.*, 126 Pa. St. 559; *Downs* v. *St. Paul City Ry. Co.*, 75 Minn. 41.) Where both parties are cotemporaneously at fault, there can be no recovery. (*Fonda* v. *St. Paul City Ry. Co.*, 71 Minn. 438.[2]) The defendant is not liable for not avoiding the injury after plaintiff's negligence, if the plaintiff's danger was not actually known. The defendant cannot be held liable in such case, merely because he ought to have known. (*Herbert* v. *Southern Pac. Co.*, 121 Cal. 227, 232.)

Heller & Powers, for Respondent.

The questions of negligence and contributory negligence are for the jury, when fairly debatable, whether there is a conflict of evidence or not. (*Liverpool etc.* v. *Southern Pac. Co.*, 125 Cal. 434, 439; *Hennesey* v. *Bingham*, 125 Cal. 627, 634; *McKune* v. *Santa Clara etc. Co.*, 110 Cal. 480; *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227; *Buchel* v. *Gray Brothers*, 115 Cal. 421; *Carraher* v. *San Francisco Bridge Co.*, 100 Cal. 177; *Boyd* v. *Oddous*, 97 Cal. 510.) One who passes along a sidewalk has a right to presume it reasonably safe, and he may cross at any point that suits his convenience, without being liable to the imputation of negligence. (*Brusso* v. *Buffalo*, 90 N. Y. 679; *McGuire* v. *Spence*, 91 N. Y. 305; *Weisenberg* v. *Appleton*, 26 Wis. 56;[3] *Shea* v. *Potrero etc. R. R. Co.*, 44 Cal. 414; *Chicago etc. Ry. Co.* v. *Ingraham*, 131 Ill. 659; *Lawson* v. *Metropolitan Street Ry. Co.*, 57 N. Y. Supp. 197; 40 App. Div. 307.) A cable company is bound to know that men, women, and children have equal right to the use of the street and sidewalk, and its servants are bound to be on the lookout, and to take reasonable means to avoid accidents. (*Winters* v. *Kansas City etc. Ry. Co*, 99 Mo. 509;[4] *Houston etc. Ry. Co.* v. *Sympkins*, 54 Tex. 615;[5] *Anderson* v. *Minneapolis Street Ry. Co.*, 42 Minn. 490;[6] *Fandel* v. *Third Avenue R. R. Co.*, 15 App. Div. 426; 44 N. Y. Supp. 462, 465; *Lawson* v. *Metropolitan Street Ry. Co.*, 57 N. Y. Supp. 997, 1001; 40

[1] 30 Am. St. Rep. 727.    [4] 17 Am. St. Rep. 591.
[2] 70 Am. St. Rep. 341.    [5] 38 Am. Rep. 632.
[3] 7 Am. Rep. 39, and note.    [6] 18 Am. St. Rep. 525.

App. Div. 307.)   What might be gross negligence as respects a steam-railroad might be perfectly proper to be done in dealing with street-cars.   (*Bennett* v. *Brooklyn Heights R. R. Co.*, 1 App. Div. 205; *McClain* v. *Brooklyn City Ry. Co.*, 116 N. Y. 459; *Ober* v. *Crescent City Ry. Co.*, 44 La. Ann. 1059.[7])   Failure to look and listen does not apply to street-cars as contributory negligence *per se*.   (*Clark* v. *Bennett*, 123 Cal. 275.)   The rule as to negligence as to street-cars is the same, whether the motive power is horses, electricity, or cable.   (*Cicero etc. Ry. Co.* v. *Meixner*, 160 Ill. 320–325; *Sahlgaard* v. *St. Paul Street Ry. Co.*, 48 Minn. 232; *Denver Tramway Co.* v. *Reid*, 22 Col. 349–362; *White* v. *Atlanta etc. Ry. Co.*, 92 Ga. 494.)   The refusal of requested instructions, however correct, is not ground for reversal, if the charge, taken as a whole, fully declares the law.   (*People* v. *Gibson*, 106 Cal. 458; *Thomas* v. *Gates*, 126 Cal. 1.)   The damages cannot be considered excessive within the rules applicable to the case.   (*Aldrich* v. *Palmer*, 24 Cal. 513; *Howland* v. *Oakland etc. Ry. Co.*, 110 Cal. 513, 523; *Morgan* v. *Southern Pac. Co.*, 95 Cal. 501, 528; *Redfield* v. *Oakland etc. Ry. Co.*, 110 Cal. 286.)

HENSHAW, J.—Upon the argument following the rehearing in this case, it was urged, first, that the evidence showed beyond a conflict that plaintiff was guilty of contributory negligence.   This matter is considered in the opinion heretofore rendered in Department, and the conclusion was there expressed, that the question of the contributory negligence of the plaintiff was one which, under the facts, was proper for the determination of the jury.   Further consideration serves but to confirm the soundness of the Department's conclusion in this regard.

Appellant's second complaint is, that the following instruction proposed by it was refused by the court: "A defendant cannot be charged with damages for injury to a plaintiff, notwithstanding the contributory negligence, if there be such, of the plaintiff, unless the danger of the plaintiff was actually known to the defendant in time, so that the injuries could have been avoided by the exercise of ordinary care; and a defendant, under such circumstances, is not liable in damages, merely because he ought to have known of the plaintiff's danger, and could have known of it but for remissness on his part: a de-

---

[7] 32 Am. St. Rep. 366.

fendant in such a case must have actually known of the plaintiff's danger. If, therefore, the plaintiff in this case, by using her senses with ordinary care as she approached the track, could have observed the car moving on such track in time to avoid danger, but failed to look or to listen, in the exercise of ordinary care, even though you should find that the defendant did not know of her presence prior to the accident, and should further find that the defendant, by keeping a lookout, or using any other precaution in the exercise of ordinary care, could have made itself aware of her danger, your verdict, none the less, should be for the defendant."

This instruction, it may be conceded, is a correct exposition of the law governing the rather rare and exceptional cases to which it applies. (See *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227.) But in the present instance the giving of this instruction would have been the injection into the case of no new element. It was but the elaboration of the legal proposition which the court in different parts of its instructions had several times declared to the jury. Thus the jury were instructed: "Assuming the duty of the railroad company to anticipate that persons would walk along the sidewalk and cross the track at the car-house door, there is also, and there was, a duty on the part of this plaintiff, under the evidence here, to exercise reasonable and ordinary care in approaching and crossing the track; and if it should appear that the railroad company, in the exercise of ordinary care, could have observed, but did not observe, the plaintiff as she approached the track, in time to avoid accident, nevertheless, if it should further appear that the plaintiff herself, in the exercise of ordinary care, by using her eyes or ears before she was struck, could have observed the approach of the car on such track, and so have avoided the accident, her failure to exercise such care, and thus to make use of her eyes and ears, is contributory negligence, and in such event the verdict must be for the defendant." And again they were told: "If you find from the evidence that the plaintiff failed to use ordinary care in approaching the track at the car-house door, up to the time that she was struck, and if you should further find that the railroad employees did not observe her, then, even though no bell whatever was rung, the verdict must be for the defendant. But the question whether a bell was rung is for the jury to determine, upon a fair consideration of the entire evidence, and the question whether the bell

should have been rung is also for you." And still further they were advised: "If you find from the evidence that the plaintiff was injured while attempting to cross this track at the carhouse, in front of a car approaching dangerously near, which she knew, or by using her faculties with ordinary care could have known, was dangerously near, and which might have passed her in safety, had she paused for a few seconds before making the attempt to cross, then she was guilty of contributory negligence, and your verdict must be for the defendant, even though you should believe that the railroad company did not ring any bells or maintain any lookout at the place of this accident."

Indeed, reading and considering the instructions as a whole, they omitted no point of law to the giving of which defendant was entitled, and were as favorable to the defendant as justice could permit.

Therefore the opinion heretofore rendered in Department is adopted and approved and the judgment and order appealed from are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J., McFarland, J., and Temple, J., concurred.

The following is the opinion rendered in Department One, September 17, 1900: —

GRAY, C. —Judgment for plaintiff for one thousand dollars, from which and from an order denying it a new trial defendant appeals.

The plaintiff, who was twenty-six years of age, and had been employed as a cook in the vicinity for some two years, at eleven o'clock at night was proceeding on foot, in a westerly direction, on the south side of Sacramento Street, between Central Avenue and Walnut Street, and in crossing the track of the defendant on the sidewalk in front of its car-barn, she was struck by a cable-car as it was approaching the barn door, knocked down, and as a result her arm was broken, and she was otherwise bruised and injured. The defendant contends that the verdict in plaintiff's favor for one thousand dollars is contrary to the evidence; that there was no evidence to show that defendant was negligent; and that the evidence, without conflict, showed that the injury was the result of plaintiff's want of ordinary care.

The evidence warranting the jury in their conclusion that the defendant was negligent in connection with the accident is to be found in the testimony of its own employees, as well as in that of the plaintiff.

The car-house is in the middle of the block, between Central Avenue and Walnut Street, on the south side of Sacramento Street.   To the east of the car-house, and between it and Central Avenue, is a vacant lot, across which, from the southeast to the northwest, runs a path, which reaches the sidewalk on Sacramento Street about seven feet east of the northeast corner of the car-house.   It is about fifty-six feet from this corner of the building to the door of the house, and through this door run two car tracks, the one curving sharply to the right and the other to the left, both connecting by a switch with the nearest of the two main tracks running along Sacramento Street.   There is also a switch-track connecting the two main tracks just to the west of where the westernmost curved track from the car-barn connects with the southernmost main track. The sidewalk in front of the car-house is about fifteen feet wide, and it is about twelve feet from the curb to the nearest rail of the main track running along Sacramento Street, and it is about thirty feet from where the curved track connects with the main track to the sidewalk following the curve.

It appears without conflict that the car had just come from the ferry, had passed the barn, and was switched back from the north to the south track, and on that track ran down to the second switch, where it was stopped while the conductor went down and looked into the barn to see if there was a car in the way, and also to see if the sidewalk was clear of people, as he says.   He then returned to the second switch, raised the lever, and on his signal the gripman let the car run backwards by gravity into the barn, intending soon to return to the main track by the right-hand curved track, and make another trip to the ferry.   It was while the car was thus on its way across the sidewalk into the barn, going at the rate of three miles an hour, that the plaintiff was struck and injured. The conductor, while at the switch, and after the car had passed him, was in such a position that he could not see any person approaching the curved track on the sidewalk from the east, and the gripman, being in the grip space at the open end of the car, could not, as he says, see whether the sidewalk was

clear or not.   Neither the conductor nor gripman, according to
their testimony, saw the plaintiff at any time until after the
car had knocked her down.   The plaintiff testifies that she
came to Sacramento Street by the path across the vacant lot,
and first saw the car that struck her when she was opposite
the northeast corner of the barn; that she walked on and was
on the curved track in front of the barn when she first knew
that the car was not going down Sacramento Street; that the
car was then so near her, that she could not get away, though
she tried to do so by stepping back.   She says: "I was just
on the track, like this, and I saw the car coming, and I stepped
back and tried to get back, but I did not get clear of the track
enough, and the car struck me, and I fell on my left side, and
my hand was doubled up under me — my left hand — and the
wrist was broken.   I lay on the sidewalk for some minutes,
when some men came out of the car-house and brought me in
there.   No warnings or signals had been given me, nor had
any bells been rung, or notice given that this car was coming
off the track onto this curve; there was nobody present to warn
me at the time.   I could not tell who was on the car; I did
not see any one.   My eyesight is good."

We think the jury was fully warranted by the evidence in
their conclusion that the injury of plaintiff was the result of
defendant's negligence in having no one where they could keep
a lookout and endeavor to avoid running over people on the
sidewalk.   Certainly, we cannot say, as a matter of law, that it
was negligence for plaintiff to endeavor to cross the track as
she did.

"The rule is, that negligence is a question of fact for the
jury, even when there is no conflict in the evidence, if different
conclusions upon the subject can be rationally drawn from the
evidence.   This proposition has been frequently declared by
this court.   (*Fernandes* v. *Sacramento etc. R. R. Co.*, 52 Cal. 45;
*McKeever* v. *Market Street R. R. Co.*, 59 Cal. 294; *Chidester* v.
*Consolidated etc. Co.*, 59 Cal. 197; *House* v. *Meyer*, 100 Cal. 592.)
The rule is general, and appellant presents a very long list of
cases in which the rule has been stated.   The effect of all is
the same.   If but one conclusion can reasonably be reached
from the evidence, it is a question of law for the court; but if
one sensible and impartial man might decide that the plain-
tiff had exercised ordinary care, and another equally sensible

and impartial man that he had not exercised such care, it must be left to the jury. (*McKune* v. *Santa Clara Co.*, 110 Cal. 480.) Our ideas as to what would be proper care vary according to temperament, knowledge, and experience. A party should not be held to the peculiar notions of the judge as to what would be ordinary care. That only can be regarded as a standard or rule which would be recognized or enforced by all learned and conscientious judges, or could be formulated into a rule. In the nature of things, no such common standard can be reached in cases of negligence, where reasonable men can reach opposite conclusions upon the facts. In such cases it was said in *Mann* v. *Belt Railroad etc. Co.*, 128 Ind. 138, 'it is said to be the highest effort of the law to obtain the judgment of twelve men of the average of the community, comprising men of learning, men of little education, men whose learning consists only of what they have themselves seen and heard,—the merchant, mechanic, the farmer and laborer,—as to whether negligence does or does not exist in the given case.' " (*Herbert* v. *Southern Pac. Co.*, 121 Cal. 227.) In support of the verdict we must assume the truth of plaintiff's statement that no bells were rung and no warning given her. That the question of negligence was here a proper question of fact to be left to the verdict of the jury is shown by the following recent decisions of this court: *Babcock* v. *Los Angeles*, 128 Cal. 173; *Johnsen* v. *Oakland etc. Electric Ry. Co.*, 127 Cal. 608; *George* v. *Los Angeles Ry. Co.*, 126 Cal. 357;[8] *Liverpool etc. Ins. Co.* v. *Southern Pacific Co.*, 125 Cal. 434; *Abrahams* v. *Los Angeles Traction Co.*, 124 Cal. 411; *Clark* v. *Bennett*, 123 Cal. 275; *Fox* v. *Oakland Con. St. Ry.*, 118 Cal. 55;[9] *Cunningham* v. *Los Angeles Ry. Co.*, 115 Cal. 561; *Everett* v. *Los Angeles etc. Ry. Co.*, 115 Cal. 105; *Finkeldey* v. *Omnibus Cable Co.*, 114 Cal. 28.

The instructions requested by the defendant and refused by the court, so far as they were sound and pertinent to the case presented by the evidence, were properly refused, because they were, in substance, already given. Some of the instructions refused were not pertinent; for instance, it was unnecessary to enlighten the jury concerning any rule as to negligence not contributing proximately to the injury, because it is plain that if plaintiff was negligent at all, such negligence contributed

---

[8] 77 Am. St. Rep. 184.          [9] 62 Am. St. Rep. 216.

proximately and directly to her injury. It was unnecessary to confuse the minds of the jury with any distinctions that did not naturally arise in the case.

The defendant objects to the following part of an instruction given at plaintiff's request, to wit: "If you find that plaintiff was guilty of negligence in trying to cross the track, and then changing her mind and turning back, yet if defendant's employees, by the use of ordinary care, discovered her danger in time, and had a clear opportunity to stop the car thereafter, or otherwise prevent the accident, then trying to cross or turning back, if any, was not contributory negligence, on the part of plaintiff, but the later negligence of defendant's employees, if any, is the proximate cause of the injury."

The objection is, that it assumes that there was evidence tending to show that the employees of defendant knew of plaintiff's presence prior to her being struck. There is no objection to the instruction on the ground that it is not sound in law, and we think none can properly be made. As to the assumption of evidence in the instruction, we think counsel had a right to argue to the jury that the employees were interested witnesses, and though they both testified that they did not see plaintiff before her injury, yet, there being no obstruction to the view, the conductor must have seen her from where he was at the switch before the car passed him, if he was looking for approaching pedestrians, as his testimony would seem to imply. A basis for the argument was laid in the cross-examination of the conductor. The plaintiff was entitled to the instruction on the theory developed by this cross-examination. We think the instructions given by the court covered the case as developed by the evidence, and when read together they will be found free from error.

The verdict for a thousand dollars was not excessive. Plaintiff's arm was broken near the wrist, and was kept in splints for two months. It was three months after the injury before she could return to her work, and then she was compelled to favor the broken arm. At the time of the trial, eleven months after the injury, the plaintiff testified: "My left hand was the one that was hurt; it has recovered its former size and shape; it is not as strong as the other. I use the other as much as I can, and favor this one, because if I try to lift anything I can't do it, and always, if there is a change of the weather, and it is

cold, rheumatism sets in, and I get a cold in the hand on the change of the weather."

The judgment and order should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

.Harrison, J., Garoutte, J., Van Dyke, J.