Catharine Schilling, Respondent, *v.* Union Railway Company of New York City, Appellant.

*Proof of statements made in the presence of a party seriously injured — the injured party must be shown to have been cognizant of what was said.*

In an action to recover damages for personal injuries, a hospital surgeon, who went to the plaintiff's house with an ambulance to take her to the hospital and found her lying upon a couch seriously injured and suffering from shock, but not unconscious, should not be allowed to testify to statements made in the plaintiff's presence concerning the manner in which the accident happened and to which the plaintiff made no reply, unless it appears that at the time such statement was made the plaintiff was cognizant of what was said and was in a condition to understand and appreciate it.

Van Brunt, P. J., dissented.

APPEAL by the defendant, the Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 14th day of May, 1902, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 28th day of May, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Addison C. Ormsbee,* for the appellant.

*William Victor Goldberg,* for the respondent.

PATTERSON, J. :

This was an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant's servants in prematurely starting a car upon which she was a passenger. The plaintiff had a verdict.

The car was proceeding up the Boston road and when it was between One Hundred and Sixty-sixth and One Hundred and Sixty-seventh streets she gave a signal to stop. She testified that the car did stop and she attempted to alight. It was an open car. She and two other witnesses testified that the car came to a full stop and as she attempted to alight it suddenly started again with a jerk and she was thrown to the ground and seriously injured. There was testimony of witnesses for the defendant that the car did not stop at all and that the plaintiff undertook to descend while it was still in motion. One of the grounds urged by the defendant for a reversal of this judgment is that the verdict was against the weight of evidence, but the cause was plainly one for the jury, both on the subject of the negligence of the defendant and the contributory negligence of the plaintiff.

It is further urged by the defendant that the judgment should be reversed for an error in the rejection of evidence. At the time this accident happened, Dr. Bolt was ambulance surgeon at the Fordham Hospital. He went to the house of the plaintiff with an ambulance to take her to the hospital. She was lying on a couch. He testifies that when he went to the house and took the plaintiff in the ambulance she was conscious and gave a history of the case and that she was not unconscious that night; that he examined her

before she was put in the ambulance and after.   He was then asked the question : " Q.  Did she  say anything to you that you  recall as to how the accident had  happened, or did  you ask ?   A. I asked that.   I don't know whether she  did it or some  person, because I was told that she fell —   Q.  Never mind what you were told ; don't say that.   Did any one in her  presence  say anything as to how the accident happened ?   A.  Oh, yes.   Q.  She being how near ?   A. Well, possibly  a  couple of feet.   That was the occasion when I asked how it had happened.   Q.  Now, what was said — don't answer until Mr. Goldberg has an opportunity to make  his  objection — now, what  was  said  by  yourself, personally, in  her  hearing, as to how  the  accident  happened ?   Mr. Goldberg :  I object  on  the ground that it does not appear that the plaintiff heard or understood what was said.   The doctor has testified that she was suffering from severe shock.   The Court :  I would first like to have the doctor indicate whether she gave any perceptible indication  as to whether she heard what was said about the way the accident happened.   Go back into your memory and see if you can find any indication whatever that she heard by any response on her  part or  physical action. The  witness :  I  could  not  recall  that,  Judge, because —   The Court :  Very well.   [Objection sustained.] "   Thereupon an exception was taken by the defendant's counsel.   The  court  then  said : " The stenographer will  note that the ruling is  made because, until it appears  by inference that the  remark  was  understood by the patient, there was no call upon  her  to  assent or  dissent, and, therefore, she is not responsible for what someone else said."

We think this ruling was right.   One of two  things  was  sought to be established by the rejected testimony ; either an actual admission by the respondent of  the statement of  how  the  accident happened, or an acquiescence by silence.   As the witness stated that he could not recall that the plaintiff made any response, the testimony, if admissible at all, could  only  relate  to  acquiescence by silence. That statements of  the plaintiff actually made to  this  physician would be admissible  in  evidence, they not being privileged, results from what was held in *Griffiths* v. *Met. St. Ry. Co.* (171 N. Y. 109), and *Green* v. *Met. St. Ry. Co.* (Id. 201).   But those cases are not in point upon the subject of acquiescence by silence.   There is a general rule that where, in the  presence and  hearing of  a party to an

action, something pertinent to the matters involved in that action is stated, and which it is for his interest to controvert, and he remains silent, that is some evidence which may go to a jury. But the rule on that subject is stated in Greenleaf on Evidence (Vol. 1 [15th ed.], § 197) as follows: " But acquiescence, to have the effect of an admission, must exhibit some act of the mind and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passiveness or silence. The circumstances, too, must be not only such as afforded him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply from men similarly situated."

Passing the point as to whether the plaintiff was called upon at all to respond, the trial judge was right in requiring that it should be made to appear that the plaintiff was cognizant of what was said by this witness and was in a condition to understand and appreciate it. His testimony would indicate that he made his statement of the cause of the accident when he visited the plaintiff at her house, where she was suffering from the shock and from the pain caused by her injuries. The witness said the plaintiff was conscious, but he declares that she was suffering from shock.

We know of no case, and can find none, which holds that, under such circumstances, a party seriously injured and suffering from shock is bound at his peril to give heed to every remark that is made by a person in his presence relating to the occurrence which produced those conditions.

The judgment and order must be affirmed, with costs.

INGRAHAM, HATCH and LAUGHLIN, JJ., concurred; VAN BRUNT, P. J., dissented.

Judgment and order affirmed, with costs.