## SCHILLING v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. December 5, 1902.)

1. CARRIERS—INJURY TO PASSENGER—NEGLIGENCE—SUDDEN START—QUESTION FOR JURY.

Where two witnesses testified that a street car came to a stop before plaintiff attempted to alight, and suddenly started with a jerk, throwing plaintiff to the ground, while defendant's witness testified that plaintiff attempted to alight while the car was in motion, the question of defendant's negligence and plaintiff's contributory negligence was for the jury.

2. SAME—EVIDENCE—ADMISSIONS—ACQUIESCENCE.

Where a physician testified that, at the time of the statement made by a third person in plaintiff's presence, she was conscious, but was suffering from shock occasioned by an injury, and that he could not recall, from any indication by response or physical action, that plaintiff heard such statement, it was not admissible as an admission, on the ground that it was made in plaintiff's presence and hearing and was not objected to by her.

Van Brunt, P. J., dissenting.

Appeal from trial term, New York county.

Action by Catharine Schilling against the Union Railway Company of New York City. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

A. C. Ormsbee, for appellant.
W. V. Goldberg, for respondent.

PATTERSON, J. This was an action to recover damages for personal injuries sustained by the plaintiff through the alleged negligence of the defendant's servants in prematurely starting a car upon which she was a passenger. The plaintiff had a verdict. The car upon which the plaintiff was a passenger was proceeding up the Boston road, and when it was between 166th and 167th streets she gave a signal to stop. She testified that the car did stop, and she attempted to alight. It was an open car. She and two other witnesses testified that the car came to a full stop, and, as she attempted to alight, it suddenly started again, with a jerk, and she was thrown to the ground and seriously injured. There was testimony of witnesses for the defendant that the car did not stop at all, and that the plaintiff undertook to descend while it was still in motion. One of the grounds urged by the defendant for a reversal of this judgment is that the verdict was against the weight of evidence, but the case was plainly one for the jury, both on the subject of the negligence of the defendant and the contributory negligence of the plaintiff.

¶ 2. See Evidence, vol. 20, Cent. Dig. § 773.

It is further urged by the defendant that the judgment should be reversed for an error in the rejection of evidence. At the time this accident happened, Dr. Belt was ambulance surgeon at the Fordham Hospital. He went to the house of the plaintiff with an ambulance to take her to the hospital. She was lying on a couch. He testifies that, when he went to the house and took the plaintiff in the ambulance, she was conscious, and gave a history of the case, and that she was not unconscious that night; that he examined her before she was put in the ambulance, and after. H was then asked the question:

"Q. Did she say anything to you, that you can recall, as to how the accident had happened, or did you ask? A. I asked that. I don't know whether she did it, or some person, because I was told that she fell— Q. Never mind what you were told. Don't say that. Did any one in her presence say anything as to how the accident happened? A. Oh, yes. Q. She being how near? A. Well, possibly a couple of feet. That was the occasion when I asked how it had happened. Q. Now, what was said— Don't answer until Mr. Goldberg has an opportunity to make his objection. Now, what was said by yourself, personally, in her hearing, as to how the accident happened? Mr. Goldberg: I object on the ground that it does not appear that the plaintiff heard or understood what was said. The doctor has testified that she was suffering from severe shock. The Court: I would first like to have the doctor indicate whether she gave perceptible indication as to whether she heard what was said about the way the accident happened. Go back into your memory and see if you can find any indication whatever that she heard, by any response on her part, or physical action. The Witness: I could not recall that, judge, because— The Court: Very well. Objection sustained."

Thereupon an exception was taken by the defendant's counsel. The court then said:

"The stenographer will note that the ruling is made because, until it appears by inference that the remark was understood by the patient, there was no call upon her to assent or dissent, and therefore she is not responsible for what some one else said."

We think this ruling was right. One of two things was sought to be established by the rejected testimony,—either an actual admission by the respondent of the statement of how the accident happened, or an acquiescence by silence. As the witness stated that he could not recall that the plaintiff made any response, the testimony, if admissible at all, could only relate to acquiescence by silence. That statements of the plaintiff actually made to this physician would be admissible in evidence, they not being privileged, results from what was held in Griffiths v. Railway Co., 171 N. Y. 109, 63 N. E. 808, and Green v. Same, 171 N. Y. 201, 63 N. E. 958. But those cases are not in point upon the subject of acquiescence by silence. There is a general rule that where, in the presence and hearing of a party to an action, something pertinent to the matters involved in that action is stated, and which it is for his interest to controvert, and he remains silent, that is some evidence which may go to a jury. But the rule on that subject is stated in Greenleaf on Evidence (volume 1, § 197) as follows:

"But acquiescence, to have the effect of an admission, must exhibit some act of the mind, and amount to voluntary demeanor or conduct of the party. And whether it is acquiescence in the conduct or in the language of others, it must plainly appear that such conduct was fully known, or the language fully understood by the party, before any inference can be drawn from his passive-

ness or silence. The circumstances, too, must be not only such as afforded. an opportunity to act or to speak, but such, also, as would properly and naturally call for some action or reply from men similarly situated."

Passing the point as to whether the plaintiff was called upon at all to respond, the trial judge was right in requiring that it should be made to appear that the plaintiff was cognizant of what was said by this witness, and was in a condition to understand and appreciate it. His testimony would indicate that he made his statement of the cause of the accident when he visited the plaintiff at her house, where she was suffering from the shock and from the pain caused by her injuries. The witness said the plaintiff was conscious, but he declares that she was suffering from shock. We know of no case, and can find none, which holds that under such circumstances a party seriously injured and suffering from shock is bound, at his peril, to give heed to every remark that is made by a person in his presence relating to the occurrence which produced those conditions.

The judgment and order must be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.