[L. A. No. 4267. In Bank.—November 16, 1917.]

JOHN M. HENDERSON, Respondent, v. LEOTIA NORTHAM et al., Appellants.

APPEAL — PLEADING — ANSWER — SUFFICIENCY OF DENIAL — WAIVER OF DEFECT—ERRONEOUS INSTRUCTIONS TO JURY.—Where an allegation of the complaint is inartificially denied, but the plaintiff, by introducing proof of the allegation, treated the answer as sufficient, he must be deemed to have waived all objections to the sufficiency of the denial, and an instruction to the jury that the fact is admitted by the pleadings is, therefore, reversible error.

NEGLIGENCE—AUTOMOBILE ACCIDENT—CAUSE OF INJURY—FAILURE TO PERFORM STATUTORY DUTY OF STOPPING AND GIVING NAME — INSTRUCTIONS TO JURY.—While failure to perform a statutory duty is evidence of negligence, the act or omission, in order to warrant

its consideration by a jury in an action for damages for an injury caused by negligence, must contribute directly to the injury, and, therefore, in an action for damages for personal injuries alleged to have been caused through the negligent operation of an automobile, an instruction that the neglect and failure of the operators of the car to stop and give their names and the name of the owner of the car and their addresses, was a fact to be considered by the jury, was prejudicial error, since the omission of the parties to stop, after the accident occurred, in no way contributed to the injury.

ID.—EVIDENCE—ADMISSIONS—ACQUIESCENCE IN STATEMENTS BY OTHERS —SILENCE AS EVIDENCE OF ASSENT.—Statements made by another in presence of a party are not receivable in evidence against him, unless it clearly appears that he heard and understood them, that he did not contradict them, and that the circumstances were such that his acquiescence may be fairly inferred from his silence, or that the statements were followed by some conduct on the part of the one sought to be bound from which assent may be implied.

ID.—EVIDENCE— STATEMENTS OF THIRD PARTY INADMISSIBLE.—In an action for damages caused by the operation of an automobile, the question of defendant's ownership of the car being in issue, evidence that at a race meeting several days before it was announced by megaphone in front of the grandstand that the defendant would run such a car the following day, was not admissible, although there was evidence that the defendant was seen in an automobile at one end of the grandstand fifteen minutes before the announcement and was seen driving away fifteen minutes after the accident, there being no other proof that defendant heard the announcement.

ID.—DAMAGES—EVIDENCE—PLAINTIFF'S OPINION—PREJUDICIAL ERROR.— In an action for damages for personal injuries, it was prejudicial error to permit the plaintiff, over objection, to answer the question what he considered the damages he had suffered by reason of the injury to his person.

ID.—INSTRUCTIONS—DEFINING NEGLIGENCE—SPECIFIC FACTS—QUESTION FOR JURY—PREJUDICIAL ERROR.—Negligence is a question for the jury even where there is no conflict in the evidence, if different conclusions can be rationally drawn from the evidence, and therefore it was prejudicial error to instruct the jury that the driving of the car in a manner which made a loud noise, created dust and smoke, and traveling at a high rate of speed, which frightened plaintiff's horse, constituted negligence.

APPEAL by defendants from an order of the Superior Court of Kern County denying a new trial. Howard A. Peairs, Judge.

The facts are stated in the opinion of the court.

Gurney E. Newlin, Roy V. Reppy, and F. E. Borton, for Appellants.

R. H. Wilson, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—Action to recover damages for personal injuries alleged to have been sustained by plaintiff as the result of defendants' negligent operation of an automobile.

The jury returned a verdict in favor of plaintiff in the sum of two thousand five hundred dollars, for which judgment was entered. The appeal is from an order denying defendants' motion for a new trial.

It appears that on Sunday afternoon, April 27, 1913, plaintiff and his wife, by means of a buggy drawn by a horse, were traveling near Bakersfield in a southerly direction on a highway known as Union Avenue when an automobile going in the same direction, occupied by two men alleged to be defendants Toft and Nelson, passed in a manner that frightened his horse, causing it to leave the road and precipitate the buggy against an electric light pole, in colliding with which plaintiff was thrown to the ground, receiving the injuries which, with some slight property damage, forms the basis of the action. The theory of the complainant, and that upon which the trial was had, is that while defendant Northam was not present at the time of the accident, she was the owner of the car described as a large, powerful, blue racing machine of Simplex make, which, at the time and place, her codefendants, as her agents and employees and within the scope of their authority, were engaged in operating, or that all of defendants were copartners engaged in the joint enterprise of racing said car for their mutual profit.

Mrs. Northam filed a separate answer wherein she denied that, on the day in question, Toft and Nelson, or either of them, were operating her car, or any car, on Union Avenue, or in the vicinity of the place where the accident occurred, and Toft and Nelson joined in an answer containing like denial, from which, if true, it followed that plaintiff's injury was caused by a car other than that of Mrs. Northam and by an automobile driven by others than Toft and Nelson. Not-

withstanding such denials the court instructed the jury that the pleadings in the case admitted that the car which was being operated by Toft and Nelson was the Simplex car belonging to the defendant, Mrs. Northam. We must assume the instruction had reference to the car, the operation of which, at the time, caused plaintiff's injury. Respondent justifies the giving of the same upon the ground of the alleged insufficiency of the denial to raise an issue. Under section 452 of the Code of Civil Procedure, which provides that "allegations must be liberally construed, with a view to substantial justice between the parties," we are constrained to hold that, conceding the denial to be somewhat complex and artificially drawn, it was a sufficient negative to present an issue, the determination of which question was for the jury. Moreover, this was the view of the answer taken by the plaintiff, who introduced much evidence, the sole purpose of which was not only to identify the car causing the accident as that owned by Mrs. Northam, but to identify Toft and Nelson as the men operating it as alleged in the complaint. Having treated the answer as sufficient to require proof of the allegation of the complaint, plaintiff must be deemed to have waived all objections as to the sufficiency of the denial. (*Reclamation Dist.* v. *Hershey*, 160 Cal. 694, [117 Pac. 904].)

Evidence was offered which without contradiction tended to prove that the men in the automobile witnessed the accident occasioned by their operation of the car but did not stop and give their names and addresses, as to which the court instructed the jury in effect that the neglect and failure of the operators of the car to stop and give his or their names and the name of the owner of said car and their addresses was a fact to be considered by it in arriving at a verdict. While failure to perform a duty imposed by statute is evidence of negligence (*Driscoll* v. *Market St. Ry. Co.*, 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591]), the act or omission in order to warrant its consideration by a jury in actions of this character must contribute directly to the injury. "However improper or illegal it may have been in the abstract, an action for damages cannot be founded upon it." (*McKune* v. *Santa Clara Valley Mill etc. Co.*, 110 Cal. 480, [42 Pac. 980].) The omission of the parties operating the car to stop after the accident occurred, since it in no way contributed to plaintiff's injury, was not a subject for the consideration of

the jury, hence, the giving of the instruction was prejudicial error. As well might a blind man base an action for injury upon the failure of one to comply with an ordinance requiring the placing of a light to warn travelers of an obstruction in the street.

As stated, one theory which plaintiff sought to develop at the trial was that Mrs. Northam, the owner of the car, and Toft and Nelson were copartners engaged with her in the joint enterprise of racing the car for money. It appears that on April 26 and 27, 1913, there was an automobile race meet at Bakersfield and that all of defendants attended the same, Toft and Nelson in charge of the car arriving there in the evening of April 25th, and defendant Northam going by train. As showing the existence of such copartnership and that Mrs. Northam was the owner of the car, and had caused it to be taken to Bakersfield for the purpose of entering it in the races as a partnership venture, the court over defendant's objection received evidence to the effect that on the afternoon of April 26th someone paraded the track in front of the grandstand and by means of a megaphone announced to the large crowd assembled upon the grounds that Mrs. Northam had entered her car, with Toft as driver, in a fifty-mile race to be run the next day for a wager of two thousand five hundred dollars, the announcer introducing someone unknown to the witness as Toft. While the witness could not say that Mrs. Northam was present and heard the announcement, he did see her in her car at one end of the grandstand about fifteen minutes before the making of the announcement, and later, about fifteen minutes after the announcement was made, saw her drive away.

We know of no principle of law under which this evidence was admissible. To render statements made by another in the presence of a party, and because uncontradicted by him, binding as his admissions, it must clearly appear that he heard and understood them, and that the circumstances were such that his acquiescence therein may be fairly inferred from his silence. Where Mrs. Northam was when this announcement was made is not made to appear. True, she was in an automobile at one end of the grandstand some fifteen minutes before and was seen driving away some fifteen minutes thereafter, but it cannot be said from this fact that she heard the megaphone announcement. · (*Leach* v. *Dickerson*,

14 Ind. App. 375, [42 N. E. 1031] ; *Schilling* v. *Union R. Co.,*
77 App. Div. 74, [78 N. Y. Supp. 1015].) Conceding, how-
ever, that she did hear the statement made and that it was
her duty to contradict the same, there is not a scintilla of evi-
dence disclosed by the record which tends to prove that she
remained silent. Indeed, for aught that appears to the con-
trary, she may by like use of a megaphone have repudiated
the declaration as being false and untrue. In itself and
standing alone the declaration did not constitute evidence
affecting defendants. In a proper case evidence of state-
ments made in the presence of a party may be admissible
primarily for the purpose of showing acquiescence therein by
conduct which implies assent. If, however, it is not followed
by some proof of conduct on the part of the one sought to be
bound thereby, it is clearly inadmissible. (*People* v. *Mallon,*
103 Cal. 514, [37 Pac. 512].) To have warranted the ad-
mission of such evidence it devolved upon plaintiff to show
conduct on the part of Mrs. Northam from which her assent
could fairly be implied.

To the question put to plaintiff, "What do you consider as
being the amount of the damages that you have suffered by
reason of the injury to your person?" he, over defendants'
objection, was permitted to answer: "It is about fifteen thou-
sand dollars." The question as to damages resulting from
plaintiff's personal injuries was for the jury to determine
upon testimony as to the extent of such injuries. Our atten-
tion is directed to no case constituting authority for the ad-
mission of such opinion testimony by one who is injured. The
rule is that the witness may state the facts showing the ex-
tent of the injuries, the measure of which is the ultimate fact
to be found by the jury. (*De Wald* v. *Ingle,* 31 Wash. 616,
[96 Am. St. Rep. 927, 72 Pac. 471] ; *Ohio etc. Ry. Co.* v.
*Nickless,* 71 Ind. 271; *Andreson* v. *Ogden Union etc. Depot
Co.,* 8 Utah, 128, [30 Pac. 305].) The testimony was stamped
with the approval of the court as to its competency as proof
of the amount of damage sustained by plaintiff, and, hence,
it cannot be said that it did not in some degree influence the
jury in estimating the amount of damage claimed.

Among other instructions the court gave one to the effect
that the driving of Mrs. Northam's car by Toft and Nelson
in a manner which made a loud noise, created dust and smoke,
and traveling at a high rate of speed which frightened plain-

tiff's horse, constituted negligence. It cannot as a matter of law be said that the operation of an automobile in a manner to make a loud noise, creating dust and smoke, constitutes negligence. The instruction is likewise objectionable because of the use of the indefinite term "high rate of speed," which the jury might understand to be the statutory limit of speed not in excess of twenty miles an hour, as was the provision of the law at the time of the alleged accident. There was evidence to the effect that the automobile was being operated at a speed of forty to fifty 'miles an hour and other evidence which, if believed by the jury, would have justified a conclusion that the car at the time was not being driven in excess of twenty miles an hour, which rate of travel, accompanied by noise, smoke, and dust, caused by the operation of the car, might or might not in the minds of the jurors, depending upon all the circumstances, constitute negligence. The rule is that negligence is a question of fact for the jury even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence. (*Wahlgren* v. *Market St. Ry. Co.,* 132 Cal. 656, [62 Pac. 308, 64 Pac. 993] ; *Hampton* v. *Occidental Steamship Co.,* 139 Cal. 706, [73 Pac. 579].) Other instructions given are subject to like objections.

The order denying defendants' motion for a new trial is reversed.

Sloss, J., Melvin, J., Henshaw, J., Shaw, J., Lawlor, J., and Angellotti, C. J., concurred.