ISRAEL LICHTENSTEIN, Appellant, *v.* JOSEPH CASCIO, Respondent.

First Department, November 1, 1948.

*Bernard Meyerson* of counsel (*Samuel Spevack,* attorney), for appellant.

*William G. Walsh* of counsel (*Thomas F. O'Boyle,* attorney), for respondent.

*Per Curiam.* The plaintiff appeals from a judgment entered upon the verdict of a jury in favor of the defendant in an action for damages for personal injuries claimed to have arisen from negligence. Plaintiff testified that he was crossing White Plains Road in the borough of The Bronx a short distance south of its intersection with Allerton Avenue. He testified that he was struck by the front end of defendant's automobile and that he was not crossing the street between parked cars. He testified that there were no parked cars in that vicinity.

The defendant, on the other hand, testified that plaintiff emerged from behind a vehicle parked at the curb, that he was not hit by the front end of the automobile but proceeded into the side of it, contacting the rear portion of the right front fender. Witnesses were called by both sides whose testimony supported, in whole or in part, these conflicting versions of how the accident occurred.

With an issue of fact thus clearly drawn, the defendant was permitted to interrogate a police officer, who at the time of the accident was off duty and was riding as a passenger in the defendant's automobile, concerning a conversation which he had after the accident with another police officer who was on duty and making an official investigation. This conversation supported defendant's version of the accident, and was admitted into evidence after it had been shown that plaintiff was present while these patrolmen were talking together. It appears to have been allowed on the theory that it became binding on the plaintiff as an admission against interest, in view of his failure to interrupt the police officers and contradict what was being said.

The plaintiff at that time was suffering from a broken leg and other injuries, waiting to be taken to the hospital.

The plaintiff could not be construed as having acquiesced in the version of the accident given in this conversation between these two officers, particularly in his injured condition. (*People v. Koerner,* 154 N. Y. 355; *Schilling* v. *Union Railway Co.,* 77 App. Div. 74.)

Inasmuch as we have concluded that this error in the admission of evidence must result in a new trial, it is not necessary to consider whether the charge should have been amplified to enable the jury to apply the legal principles involved to the facts and circumstances of the case.

The judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

PECK, P. J., COHN, CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.