COUGHLIN, P. J.
This isan appeal from a judgment convicting the defendant of a violation of section 511 of the California Vehicle Code. On December 2, 1953, at about 4:30 o’clock in the afternoon, the defendant was driving a 1953 Buiclc convertible in a southerly direction along United States Highway 66 when he was observed by a traffic officer near the Wrightwood cutoff. The highway in question is a paved, four-lane, divided highway, two 12-foot lanes for northbound traffic and two 12-foot lanes for southbound traffic, with an 8-foot shoulder on each side of the highway. Prom a standstill the traffic officer started in pursuit of the defendant. That portion of the highway from the Wrightwood cutoff southerly is downhill and curves to the right and to the left until it reaches an area known as the Blue Cut. Up to this point the officer had not overtaken the defendant although at times he attained a speed of 90 to 95 miles per hour. After leaving the Blue Cut the highway straightens out, and on this straight stretch the defendant was clocked by the officer at a speed between 75 and 80 miles per hour. This straight stretch of highway covers a distance of approximately 3 miles; crosses three hills, the crests of which obscure the driver’s view of the highway; and is intersected by three side roads. There are several structures in the area of the Blue Cut and from that area to Devore, where the defendant was overtaken, there are two houses adjoining the southbound roadway. Two or three automobiles were passed by the defendant while driving from the area of the Blue Cut to Devore. The pavement was dry and the weather was clear. There were no pedestrians or workmen upon or along or automobiles entering the highway.
The officer making the arrest testified that at a speed of 70 miles per hour the average person would require 297 feet in which to stop his vehicle. The defendant testified that he did not know in what distance he could stop his car driving at a speed of 75 miles an hour.
The alleged violation occurred in a 55-mile-an-hour speed zone as defined by section 511 of the California Vehicle Code. That section further provides:
“The speed of any vehicle upon a highway in excess of any of the limits specified in this section or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that any said speed in excess of said limits did not constitute a violation *Supp. 906 of the basic rule declared in Section 510 hereof at the time, place and under the conditions then existing.”
The basic rule declared in section 510 of the California Vehicle Code provides that:
“No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.”
The defendant contends that the facts in this case established as a matter of law that the rate of speed at which he was driving was not in violation of the basic rule declared in section 510, and that, therefore, he did not violate the provisions of section 511 of the California Vehicle Code even though he was travelling between 75 and 80 miles an hour in a 55-mile speed zone.
The issue whether a speed is in excess of that prescribed by the basic speed law is analogous to the issue whether the acts of a person constitute negligence, and the rules applicable to a determination of the one should apply to a determination of the other. Ordinarily such determination is a question of fact and not of law. Even where the evidence is undisputed, the ultimate conclusion still is a question of fact in most cases.
In Wright v. Los Angeles Ry. Corp., 14 Cal.2d 168, 176 [93 P.2d 135], the court said:
“. . . it is rarely that a set of circumstances is presented which enables a court to say, as a matter of law, that negligence has been shown. And it frequently has been declared by the appellate courts of this state that negligence is a question of fact for the jury even where there is no conflict in the evidence, if reasonable men might differ on the question whether the particular acts and circumstances shown to have been present in the case did in fact constitute negligence.”
In Wahlgren v. Market Street Ry. Co., 132 Cal. 656, 663 [62 P. 308, 64 P. 993], the court said:
“ ‘The rule is, that negligence is a question of fact for the jury, even when there is no conflict in the evidence, if different conclusions upon the subject can be rationally drawn from the evidence. This proposition has been frequently declared by this court. (Fernandes v. Sacramento etc. R. R. Co., 52 Cal. 45; McKeever v. Market Street R. R. Co., 59 Cal. 294; Chidester v. Consolidated etc. Co., 59 Cal. 197; House v. Meyer, 100 Cal. 592 [35 P. 308].) The rule *Supp. 907 is general, and appellant presents a very long list of cases in which the rule has been stated. The effect of all is the same. If but one conclusion can reasonably be reached from the evidence, it is a question of law for the court; but if one sensible and impartial man might decide that the plaintiff had exercised ordinary care, and another equally sensible and impartial man that he had not exercised such care, it must be left to the jury. (McKune v. Santa Clara Co., 110 Cal. 480 [42 P. 980].) Our ideas as to what would be proper care vary according to temperament, knowledge, and experience. A party should not be held to the peculiar notions of the judge as to what would be ordinary care. That only can be regarded as a standard or rule which would be recognized or enforced by all learned and conscientious judges, or could be formulated into a rule. In the nature of things, no such common standard can be reached in cases of negligence, where reasonable men can reach opposite conclusions upon the facts. ’ ”
Whether a speed of between 75 and 80 miles an hour at the time, place, and under the conditions here considered was “reasonable or prudent” or “a speed which endangers the safety of persons or property” was a question of fact to be determined by the trial court in the light of the evidence and his judgment as to the rate of speed at which an ordinarily prudent person would drive under those circumstances.
In People v. Don Carlos, 47 Cal.App.2d 863, 865 [117 P.2d 748], it was held that: “mere speed constitutes a violation of section 510, and the absence of an accident, actual or near, neither in law nor logic tends to prove that an excessive rate of speed was reasonable or prudent nor that it did not of itself endanger the safety of persons and property.”
The judgment is affirmed.
Mitchell, J., and Hilliard, J., concurred.