[Civ. No. 26396. Second Dist., Div. Three. Aug. 22, 1963.]

ADOLPH FISCH, Plaintiff and Appellant, v. LOS AN-GELES METROPOLITAN TRANSIT AUTHORITY et al., Defendants and Respondents.

Cecil W. Collins and Jack B. Tenney for Plaintiff and Appellant.

Henry R. Thomas, Harry M. Hunt, and Henry F. Walker for Defendants and Respondents.

SHINN, P. J.—Plaintiff Adolph Fisch appeals from a judgment entered upon a verdict in favor of defendants in an

action for personal injuries. Plaintiff was struck by the automobile of one Barnes immediately after he alighted from defendants' bus and the action is based upon the claim that defendants were negligent in failing to so operate the bus as to afford plaintiff a safe means of exit. The answer of defendants denied negligence and pleaded the defense of contributory negligence. Although named as a defendant, Barnes was not served and could not be located.

At about 7 a.m., several blocks west of Fairfax Avenue, plaintiff boarded a bus going east on Santa Monica Boulevard. He had frequently used the bus on his way to religious services. He held a transfer for use on a bus going south on Fairfax. The bus he was on, driven by a Mr. Shaw, was to turn north on Fairfax. As it reached the intersection it was in the lane adjoining the center of the street. Plaintiff saw a bus headed south on Fairfax; he indicated to Shaw that he wanted to catch the bus; Shaw opened the door and plaintiff stepped out. He described the accident as follows: "He opened the door and I go down. He look—I look to the right side. I go down two steps. I look also to the right side. I get over from the bus, I look to the right, I see a car about four, about seven, eight feet. I see a car coming. I cannot— I cannot help—when I get down from the bus, the car hit me the second." Also, he testified: "I don't move. . . . No, I don't make no steps." The testimony of other witnesses added nothing of substance to this description of the accident. The south half of Santa Monica Boulevard is 26 feet wide; 16 feet lie between the south curb and a single white line. Plaintiff lay in this lane after the accident. He sustained serious injuries.

 The principal ground of the appeal is that it was error to admit, over objection, testimony by a police officer of statements of Barnes, in the presence of plaintiff, a few minutes after the accident to the effect that plaintiff ran into the Barnes' car. The testimony was offered as "An act or declaration of another, in the presence and within the observation of a party, and his conduct in relation thereto" (Code Civ. Proc., § 1870, subd. 3), and upon the theory that the jury might believe that plaintiff heard the statement of Barnes and failed to contradict it.

Officer Rodriguez was the one who testified to the statement of Barnes. He received a report of the accident and was on the scene within five minutes. Shaw, the bus driver, and

Barnes were there, plaintiff was sitting up, leaning back on one arm; Rodriguez talked with plaintiff, Shaw and Barnes: "As I recall, we were just in a group there. . . . They may have been crouched down as I was. I was kneeling beside him most of the time." Plaintiff was conscious. When Officer Rodriguez was asked whether plaintiff replied to the statement of Barnes, he answered that he did not remember. There was no other evidence on the subject.

Plaintiff argues that in order to render the statement of Barnes admissible it must have been shown clearly that he heard and understood the statement, quoting words to that effect in *Henderson* v. *Northam,* 176 Cal. 493 [168 P. 1044], and appellant says: "The testimony plainly reveals the contrary. Appellant neither heard nor saw Mr. Barnes. . . . Common sense suggests that a man who has just been hit by an automobile and who is lying in his blood in the center of a street with two broken legs and other serious injuries, loudly moaning and crying in pain, is in no mental condition to either hear or see the persons gathered above him." It is a plausible argument and one which was no doubt made to the jury, and might well have caused the jury to disregard the evidence of the statement of Barnes. But whether plaintiff heard the statement of Barnes was only half the question. Considered by itself the statement made to the officer was hearsay and inadmissible. ██ It is the reaction one makes to an accusatory statement which he hears and understands that takes the statement out of the hearsay rule and may constitute evidence against him. ██ Here there was equivocal evidence that plaintiff probably heard the statement, and we do not hold it to have been insufficient. But in the absence of evidence of any reaction by plaintiff at the time the statement was made no sufficient foundation was laid for proof of the statement and plaintiff's objection should have been sustained.

██ Although we find error in the ruling we have also reached the conclusion that the admission of the testimony was not prejudicial to an extent that would warrant reversal of the judgment. We seriously doubt that the jury was impressed by Barnes' explanation of the accident. It did not differ in any material respect from plaintiff's own version. The general verdict implies that the jury found plaintiff to have been guilty of contributory negligence. We cannot doubt that the verdict would have been the same if Rodriguez had not been permitted to relate Barnes' statement.

A Miss Epst witnessed the accident from a point about 50 feet north of the intersection. She testified that she saw the car strike plaintiff at a point several feet from the bus. On cross-examination she was asked if she had not stated to an investigator " 'I saw a man apparently jump from the bus and hit the car and as far as I am concerned, the man was at fault, and I told his lawyer that,' " and she answered that she did not believe she had made that statement. Defendants then produced a witness who had made a recording of a telephone conversation he had had with Miss Epst. The recording was played to the court and counsel in the absence of the jurors. Defendants offered a portion of the recording as evidence that the witness had made the statement which she denied having made. Plaintiff's objection that the statement was hearsay and that the offer was but a part of the recording was overruled. Defendants offered to have the entire recording played; plaintiff did not accept the offer.

The portion of the recording offered by defendants was played to the jury. At the bench plaintiff proposed to ask the witness who made the transcription whether Miss Epst had not stated that she imagined and guessed that the man had come out of the bus, that she did not see the man until the automobile hit him and "that the light was green at the time that the car hit the man, and that she thought that the bus had started up at the time." The court sustained defendants' objection to the proposed question upon the grounds that the portion that had been played to the jury was offered solely for impeachment, and that plaintiff's proposed question went beyond the scope of the direct examination.

Plaintiff contends that it was error to receive only a portion of the recording, since the remainder might have modified or explained the portion that was played to the jury. If plaintiff had proposed to offer a portion of the recording which purported to explain the portion that had been played, or had recalled Miss Epst and she had not been permitted to make an explanation, our question would have been quite different. The question that was proposed was clearly objectionable and it is much too late to complain of the use of only a portion of the recording.

The judgment is affirmed.

Ford, J., and Files, J., concurred.