[No. 15964. Department Two.—December 17, 1895.]

B. E. McKUNE, ADMINISTRATOR, ETC., ET AL., RESPOND-ENTS, *v.* SANTA CLARA VALLEY MILL AND LUMBER COMPANY, APPELLANT.

NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—If the court is not satisfied that the evidence, as matter of law, establishes the contributory negligence of the plaintiff, or if it believes that under the evidence touching the conduct of the plaintiff, reasonable minds might differ upon the question whether or not he was negligent, that question is one of fact which it is the duty of the court to allow the jury to determine.

ID.—FRIGHTENING OF HORSE — NEGLIGENCE OF MILL AND LUMBER COM-PANY.—Where a mill and lumber company has negligently piled and maintained lumber upon a public street, in violation of an ordinance, and the occupants of a buggy, driving upon the proper side of the road-way, were compelled to turn around a pile of lumber on the street, and were thus brought close to a railroad track, and then for the first time discovered that there were other piles of lumber that had to be passed, when for the first time they noticed an approaching train, and were caught in a position where they could neither advance nor retreat, nor cross the track with safety, and where they could not move to the road-side away from the approaching train because of the obstructing lumber, whereupon the horse became frightened by the approaching train, and backed upon the track to the injury of the plaintiff, the question of contributory negligence of the plaintiff is properly left to the jury.

Id.—Unauthorized Obstruction of Highway—Ownership of Lumber—
Presumption of Responsibility.—Where lumber piled in front of a
planing mill along the outside of a sidewalk was owned by a mill and
lumber company, which operated the planing mill, it will be presumed,
in the absence of any counter-showing, that it was piled there with the
knowledge and consent of the owner, and the unauthorized obstruc-
tion of a highway to the injury of another is an act of negligence for
which the mill and lumber company is responsible.

Id. — Failure to Comply with Municipal Ordinance.—The failure to
comply with a municipal ordinance, or to perform a duty imposed by a
municipal ordinance prohibiting the obstruction of a street, whereby
the plaintiff was injured, is negligence *per se.*

Id.—Instructions—Limitations.—An instruction in regard to the viola-
tion of an ordinance is not erroneous by reason of omitting a limitation
which is not applicable to the case, or for not directly including the
question of contributory negligence, when the instructions as a whole
show that the jury was fully instructed upon the doctrine of contribu-
tory negligence.

Id.—Husband and Wife—Misjoinder of Parties and Causes of Ac-
tion—Waiver.—In an action for the recovery of damages for injuries
done to the wife, the husband and wife are necessary parties; but where
the husband has a separate cause of action for consequential damages to
him for his wife's injuries the wife is neither a necessary nor a proper
party, and the two causes of action cannot properly be joined; but, if
they are joined, and the defendant fails to demur for the misjoinder, he
is conclusively deemed to have waived the objection, and cannot object
to evidence of the husband's necessary disbursements for physicians and
nurses attending his wife, in proof of the allegations of the complaint.

Appeal from a judgment of the Superior Court of
Santa Clara County and from an order denying a new
trial. W. G. Lorigan, Judge.

The facts are stated in the opinion of the court.

*Frs. E. Spencer,* for Appellant.

The nonsuit should have been granted, as plaintiff
was guilty of contributory negligence. (*Hager* v. *South-
ern Pac. Co.,* 98 Cal. 310; *Glascock* v. *Central Pac. R. R.
Co.,* 73 Cal. 137; *Flemming* v. *Western Pac. R. R. Co.,* 49
Cal. 257; *Trousclair* v. *Pacific Coast S. S. Co.,* 80 Cal. 524;
*Beck* v. *Vancouver Ry. Co.,* 25 Or. 32; *Holmes* v. *South
Pac. etc. Ry. Co.,* 97 Cal. 167; *Cornelius* v. *Appleton,* 22
Wis. 635; *Goldstein* v. *Chicago etc. Ry. Co.,* 46 Wis. 404;
*Town of Gosport* v. *Evans,* 112 Ind. 133; 2 Am. St. Rep.
164; *Pittsburgh Ry. Co.* v. *Taylor,* 104 Pa. St. 306; 49

Am. Rep. 580; *McLaury* v. *McGregor*, 54 Iowa, 717; *Centralia* v. *Krouse*, 64 Ill. 19; *Durkin* v. *Troy*, 61 Barb. 437; *McGinty* v. *Keokuk*, 66 Iowa, 725.) The presence of lumber upon the street piled along a railroad track, and being conveyed to or from one's place of business, is not *per se* negligence, nor inhibited by the ordinance. (*Cook* v. *Johnston*, 58 Mich. 437; 25 Am. Rep. 703.) Merely owning the lumber, without having placed it on the street, nor maintained, nor having known that it was there before the accident, does not render the defendant liable. (*Hager* v. *Southern Pac. Co., supra.*) The lower court erred in instructing the jury, in effect, that the mere fact of the violation of the ordinance is conclusive evidence of negligence, or is negligence *per se*, as it disregarded the conduct of the plaintiff and the duty imposed upon him under the circumstances, and relieved him of the consequences of his acts, when they contributed to the injury. (*Briggs* v. *New York Cent. etc. R. R. Co.*, 72 N. Y. 26; *Knupfle* v. *Knickerbocker Ice Co.*, 84 N. Y. 488; *Hayes* v. *Michigan Cent. R. R. Co.*, 111 U. S. 228; *Cook* v. *Johnston, supra; Hanlon* v. *South Boston R. R. Co.*, 129 Mass. 310; *Beck* v. *Vancouver Ry. Co., supra.*) In an action of this kind the husband is a nominal party merely, and can recover nothing for the expenses caused him. The only damages recoverable are the actual damages done the wife. (*Fuller* v. *Naugatuck R. R. Co.*, 21 Conn. 557; *Barnes* v. *Hurd*, 11 Mass. 59; *Heirn* v. *McCaughan*, 32 Miss. 17; 66 Am. Dec. 558; *Barnes* v. *Martin*, 15 Wis. 240; 82 Am. Dec. 670; *Lewis* v. *Babcock*, 18 Johns. 443; *Brooks* v. *Schwerin*, 54 N. Y. 343; *Smith* v. *St. Joseph*, 55 Mo. 456; 17 Am. Rep. 660; *East Tennessee etc. R. R. Co.* v. *Cox*, 57 Ga. 252.)

*S. G. Tompkins*, for Respondents.

Where the facts are such that it is doubtful whether the acts imputed to the plaintiff as negligence were such as a person of ordinary prudence would have done, it should be submitted to the jury under instructions of the court. (*Fernandes* v. *Sacramento City Ry. Co.*, 52

Cal. 45; *Chidester* v. *Consolidated Ditch Co.*, 59 Cal. 197; *Andrews* v. *Runyon*, 65 Cal. 632; *Stephenson* v. *Southern Pac. Co.*, 102 Cal. 143.) The defendant, by not demurring to the complaint, waived the objection to the improper joinder of the husband's cause of action for expenses incurred by him, to that of his wife's for damages. (Code Civ. Proc., secs. 430, 434; *Heinlen* v. *Heilbron*, 71 Cal. 561.) The lower court did not err in instructing the jury that a failure to comply with a municipal ordinance is itself negligence. (*Siemers* v. *Eisen*, 54 Cal. 418; *Driscoll* v. *Market Street etc. Ry. Co.*, 97 Cal. 565; 33 Am. St. Rep. 203; *Higgins* v. *Deeney*, 78 Cal. 578; *Orcutt* v. *Pacific Coast Ry. Co.*, 85 Cal. 291.)

HENSHAW, J.—Appeals from the judgment and from the order denying defendant a new trial.

Samuel Jones and Elizabeth Jones, his wife, prosecuted this action, alleging that defendant piled and maintained lumber upon a public street of the city of San Jose, contrary to, and in direct and continual violation of, an ordinance of the city of San Jose, and in willful neglect and disregard of the rights, safety, and convenience of persons traveling along the highway. On May 23d, while these piles of lumber were so maintained, plaintiff, Elizabeth Jones, was being conveyed in a buggy driven by one Aurelia Jones along said street. Reaching the first pile of lumber, the driver was compelled to turn around it, and was thus brought close to a railroad track, and then, for the first time, became aware of the approach of a train. Being unable to turn out, or to move away, by reason of the lumber piles, the horse became frightened and backed the buggy into the passing cars, throwing out plaintiff Elizabeth Jones and seriously injuring her, to the damage of plaintiffs in the sum of fifteen thousand dollars. " Plaintiffs [the complaint proceeds] have been compelled to expend the further sum of six hundred dollars for medical attendance upon plaintiff Elizabeth Jones' said injuries, and

the further sum of three hundred dollars for the attendance of a nurse."

Defendant's motion for a nonsuit was denied, and the cause submitted to the jury for decision upon the evidence of plaintiffs alone.

The motion for nonsuit was properly denied. It is true that when the evidence is unconflicting the question of contributory negligence is often one of law for the court, rather than one of fact for the jury. But if the court is not satisfied that the evidence, as matter of law, establishes the contributory negligence of the plaintiff, or if it believes that under the evidence touching the conduct of plaintiff reasonable minds might differ upon the question whether or not he was negligent, then the question at once returns to the domain of fact, and the duty of the court is to allow the jury to solve it as a fact.

The evidence disclosed that the occupants of the buggy were driving upon the proper side of the roadway. They saw a pile of lumber in front of them which projected into the street. They could have driven, and did drive, with safety around this first pile, but there was a succession of piles beyond of which they were in ignorance. The nearest pile shut out their view. The defendant's mill made considerable noise. Only upon driving around the first pile did they see the other piles, and for the first time noticed the approaching train. The engineer then, too, first observed them. They were thus caught in a position where they could neither advance nor retreat, nor cross the track with safety, and where they could not move to the roadside away from the approaching train, because of the obstructing lumber. They tried to get into a passage or driveway between the lumber piles, but could not succeed. As the engineer testified, they were shut in a box.

Under these facts, which are no more strongly stated than the evidence warrants, the question of contributory negligence was properly left to the jury.

2. That the defendant was guilty of negligence admits of no doubt. One who maintains any unauthorized obstruction upon a highway by means of which another, through no fault of his own, is injured in person or property, is responsible in damages therefor. It is claimed, however, that the evidence did not show that the defendant owned or maintained the lumber piles. But it did show that defendant operated a planing mill, and that the lumber was piled upon its premises projecting into the street. "It was from the front of the mill north along the outside of the sidewalk." It was in evidence, also, that defendant owned this lumber, and immediately after the accident commenced to remove it. This, in the absence of any counter-showing, was clearly sufficient. For, the possession and ownership of the property being thus established, it will not be presumed that its location was without the knowledge or contrary to the wishes of the owner. For these reasons the instructions bearing upon this proposition were properly refused.

3. An ordinance of the city of San Jose was introduced, declaring it a misdemeanor for any person to place, erect, or maintain an obstruction upon any of the streets of the city. The court instructed the jury as follows: " The failure to comply with a municipal ordinance, or to perform a duty which is imposed by a municipal ordinance, is negligence in itself. Therefore, if you find that the defendant, at the time of the alleged accident, was obstructing the said Fourth street in the manner alleged, in violation of an ordinance of the city of San Jose, that in itself establishes negligence upon the part of the defendant, and it is not necessary that the plaintiffs make any further showing of negligence in defendant in order to recover."

Appellant criticises this instruction, using the language of the supreme court of Oregon: " To say that the mere fact of the violation of the ordinance is conclusive evidence of negligence, is negligence *per se*, without regard to the conduct of the plaintiff, or the duty

imposed upon him under the circumstances, would be to relieve him of the consequences of his acts, when they contribute to the injury, and result in an unjust liability upon the defendant." (*Beck* v. *Vancouver Ry. Co.,* 25 Or. 32.)

That the failure of any person to perform a duty imposed upon him by statute or legal authority is sufficient evidence of negligence has been repeatedly declared by this court. (*Siemers* v. *Eisen,* 54 Cal. 418; *Driscoll* v. *Market Street etc. Ry. Co.,* 97 Cal. 553; 33 Am. St. Rep. 203.) But the principle has this very obvious limitation: The act or omission must have contributed directly to the injury, or, however improper or illegal it may have been in the abstract, no action for damages can be founded upon it. The failure of a locomotive engineer to sound his bell or whistle before crossing a highway would be essentially negligent, but a totally deaf traveler, upon the highway, could in no way have suffered from the omission, and, as to him, it would not be negligence. So, too, the requirement of a night light to warn the public of a temporary obstruction upon a street would not advantage a man absolutely blind, and the failure to maintain it would not, as to him, be negligence. But, with an exceptional case, such as the foregoing, the court was not dealing, and, under the facts presented, we do not think the objection that the instruction eliminated from consideration the "conduct of the plaintiff or the duty imposed upon him," or, in other words, the question of his contributory negligence, is well taken. For, in the first place, the instruction declares the defendant to be negligent only if obstructing the street "in the manner alleged," which manner, as alleged, directly contributed to the accident. In the second place, the instruction, which is one of a series, cannot fairly be torn from its context for criticism, and the instructions, as a whole, show that the jury was fully instructed upon the doctrine of contributory negligence; the court saying, among other things: "An ob-

struction cannot be complained of by a party who fails to exercise ordinary care and prudence in avoiding it."

4. The court admitted evidence over defendant's objection of the husband's necessary disbursements for physicians and nurses in attending his wife, and, likewise, instructed the jury upon the subject. This, it is claimed, was error.

The action was, primarily, one for the recovery of damages for injuries done to the wife; and, though the right of action and the damages recovered are community property, this form of action is an exception to the rule that the husband has control of the community property and may sue or be sued alone where it is concerned. The wife is a necessary party. (*Tell* v. *Gibson*, 66 Cal. 247; *McFadden* v. *Santa Ana etc. Ry. Co.*, 87 Cal. 464.) The husband has a separate action for consequential damages to him for his wife's injuries, in which are included loss of service and expenses incurred looking to her recovery. In this action the wife is neither a necessary nor a proper party. The two causes of action cannot with us be joined in one suit, though the practice is elsewhere permissible. (Addison on Torts, 952.) The complaint was, therefore, open to demurrer for improper joinder of causes of action. (Code Civ. Proc., sec. 430, subd. 5.) The defendant failed to avail himself of his right to demur, and made no objection to the complaint until evidence was sought to be introduced in support of these averments. His objection, then for the first time made, came too late. Having failed to demur he is conclusively deemed to have waived the objection. (Code Civ. Proc., sec. 434.)

The instructions, the refusal to give which is complained of, were either properly refused, or were covered by those given of the court's own motion.

The judgment and order appealed from are affirmed.

TEMPLE, J., and McFARLAND, J., concurred.

Hearing in Bank denied.