[Civ. No. 676.  Second Appellate District.—July 21, 1909.]

ADDIE E. FENN, Appellant, v. ION L. CLARK, Respondent.

NEGLIGENCE—INJURY FROM AUTOMOBILE—VIOLATION OF ORDINANCE RE-QUIRING LIGHTS—PROXIMATE CAUSE.—Where the plaintiff was injured in the evening, after dark, while crossing a street, by collision with an automobile which carried no lights, as required by a municipal ordinance, the violation thereof is proof of the defendant's negligence, and if there was no contributory negligence of the plaintiff, and such negligence of the defendant was the proximate cause of the injury, the plaintiff was entitled to recover without further proof of the defendant's negligence.

ID.—FAILURE TO PERFORM REQUIRED DUTY.—The failure to perform a duty imposed by statute or municipal ordinance constitutes negligence.

ID.—PROPER INSTRUCTIONS—IMPROPER ORDER GRANTING NEW TRIAL.—Where the court properly instructed the jury as to the negligence of the defendant in failing to obey the ordinance, and otherwise fairly and fully instructed them that plaintiff's injury must have been caused by and through the defendant's negligence without contributory negligence of plaintiff, and that plaintiff could not recover if guilty of contributory negligence, the court improperly granted a new trial for error in its instructions as to defendant's negligence.

APPEAL from an order of the Superior Court of Los Angeles County, granting a new trial.  George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Earl Rogers, Paul W. Schenck, and W. H. Dehm, for Appellant.

T. M. Stewart, and Jones & Weller, for Respondent.

SHAW, J.—Action for damages for personal injuries.  A trial was had before a jury which brought in a verdict in favor of plaintiff.

Thereafter the court made an order setting aside the verdict and granting defendant's motion for a new trial, from which order plaintiff prosecutes this appeal.

Plaintiff alleges that while attempting to cross Main street at its intersection with Sixth street, in the city of Los Angeles, at the usual and regular crossing thereof for pedestrians, she was knocked down, permanently injured and disabled by an automobile which defendant was then and there carelessly and negligently running and operating upon said street. It further appears from the allegations of the complaint that the collision occurred about 6 o'clock P. M. on December 24, 1906, at which hour darkness prevailed, and defendant was running the automobile at the time without any lights displayed thereon, and gave no warning or signal of his approach while running at a dangerous and reckless rate of speed.

The answer denies that defendant was guilty of negligence in operating the automobile; denies that plaintiff was damaged, and alleges that such injuries as she may have sustained were due to her own negligence.

The evidence tended to prove that at about 6 o'clock P. M., December 24, 1906, while plaintiff was crossing said Main street at its intersection with Sixth street, she was struck and knocked down by an automobile operated by defendant, which she did not see until it was upon her, as a result of which she sustained serious injuries; that it was dark at the time, and before attempting to cross the street she looked up and down the street and saw no vehicles approaching. Defendant admitted he had no lights displayed on the machine. Plaintiff introduced in evidence an ordinance of the city of Los Angeles making it unlawful for any person to run or operate an automobile upon the streets of the city between one-half hour after sunset and one-half hour before sunrise unless such automobile has displayed a lamp or lantern, throwing a white light toward the front and a red light toward the rear of the machine. There was proof that on the day of the collision the sun set at 4:50 P. M. Defendant testified that as the machine reached her plaintiff stepped back in front thereof. This was denied by plaintiff.

At the hearing of defendant's motion for a new trial it was stipulated that the motion was made and urged upon the sole ground that the court had erred in giving to the jury, at plaintiff's request, among other instructions, the following: "You are instructed that failure to comply with a municipal ordinance, or to perform a duty which is im-

posed by a municipal ordinance, is negligence in itself; therefore, if you find that defendant, at the time of the alleged accident was operating his automobile in the city of Los Angeles in violation of any ordinance of said city, that in itself establishes negligence on the part of the defendant, and it is not necessary that the plaintiff make any further showing of negligence in defendant in order to recover.''

The only question presented on this appeal is whether or not the giving of this instruction constituted error.

It has been repeatedly declared by the supreme court of this state that the failure to perform a duty imposed by statute or municipal ordinance constitutes negligence. (*Siemers* v. *Eisen,* 54 Cal. 418; *Driscoll* v. *Market Street etc. Ry. Co.,* 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591] ; *Bresee* v. *Los Angeles Traction Co.,* 149 Cal. 131, [85 Pac. 152].) But the omission to perform such duty must contribute directly to the injury; otherwise, however illegal the act or omission thereof, in the abstract, no action for damages can be maintained thereon. (*McKune* v. *Santa Clara V. M. & L. Co.,* 110 Cal. 480, [42 Pac. 980].)

The instruction complained of is one of a series, and respondent concedes that it should not be separated from its context, but contends that by the instructions, considered as a whole, the jury was precluded from determining the question whether or not the omission to display lights as required by the ordinance was the direct cause of the collision, as a result of which plaintiff was injured; but, on the contrary, he insists ''the whole body of instructions given left the jury to understand that the violation of the ordinance alone made the defendant liable for any injury that the plaintiff had sustained, wholly irrespective of the question whether or not the act or omission contributed directed to the injury.''

Regarding the instructions as a whole and in the light of the issues tried they do not admit of such interpretation. In order to recover, it devolved upon plaintiff to prove certain facts, among which was defendant's negligence, and by this instruction they were told, in effect, that if they found defendant was operating his machine contrary to the provisions of the ordinance, such fact sufficiently established defendant's negligence, and in order to recover plaintiff was not required to make other proof upon this point. But they

11 Cal. App.—6

were further instructed that: "If you believe from the evidence that the said accident was caused *by and through the negligence of the defendant,* and that there was *no negligence on the part of plaintiff* which contributed thereto, then you must find for the plaintiff."

Having found the existence of facts which constituted negligence on the part of defendant, they were compelled, under this last instruction just quoted, to further find that the collision, as a result of which plaintiff was damaged, was "caused by and through the *negligence of the defendant* and that there was *no negligence* on the part of plaintiff which contributed thereto." The jury was further and fully instructed on behalf of defendant that, notwithstanding defendant's negligence, plaintiff was not entitled to recover if she was guilty of contributory negligence, or could by ordinary diligence have avoided the accident, and that the violation of the city ordinance would not in itself justify a verdict for plaintiff.

The giving of an instruction almost identical with the one under consideration was sustained in *McKune* v. *Santa Clara V. M. & L. Co.,* 110 Cal. 480, [42 Pac. 980]. As said in that case, there may be exceptional cases when the omission to comply with the provisions of an ordinance would not, as to one falling within the exception, constitute negligence. We must assume, however, in the absence of anything to the contrary in the record, that plaintiff was in possession of the sense of seeing, and, hence, had the car displayed the lights required by the ordinance, she might have seen the car approaching and avoid the collision. Such, evidently, was the view entertained by the jury, and they were justified in such conclusion.

The instructions taken as a whole constitute a correct declaration of the law applicable to the issue in question, and the court erred in setting aside the verdict and granting the motion for a new trial.

The order appealed from is, therefore, reversed.

Allen, P. J., and Taggart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 20, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1909.