[Civ. No. 4293. First Appellate District, Division Two.—November 28, 1922.]

GEO. W. HUTCHINSON, as Administrator, etc., Respondent, v. MILLER & LUX INCORPORATED (a Corporation), Appellant.

[1] NEGLIGENCE—AUTOMOBILE ACCIDENT—ACTION FOR DAMAGES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—INSTRUCTIONS.—In this action for damages for the death of plaintiff's intestate, who was killed in an automobile accident, the defendant having pleaded contributory negligence, and the evidence introduced by the plaintiff having shown that the decedent knew of the dangerous condition of the road, due to the excavations by defendant, and that the decedent was driving after dark in a car which was equipped with lights which did not comply with the provisions of the Motor Vehicle Act, it was reversible error for the trial court to modify defendant's requested instructions on the subject of contributory negligence, which concretely applied the law to the case on trial, so that the instructions as given became instructions on the subject of self-inflicted death.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Reversed.

The facts are stated in the opinion of the court.

Edward F. Treadwell and Joseph C. Sharp for Appellant.

C. K. Bonestell and Kitt Gould for Respondent.

STURTEVANT, J.—Harry Hutchinson was killed in an automobile accident and the plaintiff, as administrator, com-

menced the above-entitled action to recover damages. A judgment was awarded the plaintiff in the trial court; the defendant made a motion for a new trial, its motion was denied, and the defendant has appealed under section 953a of the Code of Civil Procedure.

In its answer to the plaintiff's complaint the defendant denied many of the allegations contained in the complaint and then it set forth an affirmative defense, the contributory negligence of plaintiff's decedent.

Early in the day on the 20th of April, 1919, plaintiff's decedent, Harry Hutchinson, and his friend, Joe Russell, left their homes at Clovis and went to Firebaugh. While at that place two Mexican boys engaged Hutchinson to drive the party from Firebaugh north to a ranch known as Holland Farm. They started before dark and while it was yet light they passed a point in the road where an excavation was being made for the purpose of inserting a concrete culvert. The excavation was two miles from Firebaugh and extended entirely across the road. There was a traveled space in about the middle of the road. From each side balisters, 2x4, had been put up, on 2x4 posts, leading from the property line out to the traveled space just mentioned. The traveled space was very rough but could be traveled if one exercised care, and Hutchinson drove slowly at about ten miles per hour over the spot. As they went out they observed common lanterns hanging to the balisters but the lanterns were not lighted. After passing the excavation the party went on five miles farther to the Holland Farm, where the two Mexican boys got out of the car, and then Hutchinson and Russell started to return to Firebaugh, where they expected to attend a dance. Russell testified that as they returned on the road they were constantly looking for the place where the lanterns and excavation had been seen. The night was dark and there was no moonlight. They were riding in a Ford car which was equipped with common Ford lights, and Hutchinson drove at about twenty miles an hour. The witness Russell was the only eye-witness to the accident. Some other persons came after the accident had happened but they did not see the accident. He testified that they did not see the excavation until they were within ten or twelve feet of it; that the lights of a Ford shine down a straight road like that about twenty or

thirty feet, and it would be all darkness beyond that. He further testified that the lanterns on the balisters were not lighted. As the car hit in the excavation it was turned over to the right; Hutchinson was killed instantly and the witness was considerably dazed. There was some testimony that the decedent and Russell had taken some drinks of intoxicating liquor during the day. All of the foregoing testimony was developed in the presentation of the case for the plaintiff.

At the end of the plaintiff's case the defendant moved the court to grant a motion for a nonsuit and specified, as a ground of its motion, the contributory negligence of the plaintiff's decedent.

The motion was denied and the defendant thereupon introduced testimony on some other matters connected with other branches of the case. But no testimony was introduced by the defendant which conflicts with the testimony quoted above.

The defendant's theory concerning contributory negligence covered three separate propositions: (1) that the decedent was under the influence of intoxicating liquor at the time of the accident, and that his intoxication proximately contributed to the accident; (2) that, well knowing the dangerous condition of the road, the decedent negligently drove his car and thus proximately contributed to the accident; and (3) that at the time of the accident the decedent was guilty of contributory negligence in driving after dark in a car which was equipped with lights which did not comply with the provisions of the Motor Vehicle Act.

Relative to the first element of the defendant's case, evidence was introduced by the defendant on the subject of intoxication. Thereafter the trial court instructed the jury giving certain instructions which are not numbered, but which we have numbered by the use of the Roman numbers.

## I.

"You are instructed that the plaintiff cannot recover if the negligence of the decedent proximately contributed to the injury which caused his death.

## II.

"You are instructed that at the time of the said injury it was illegal to drive a motor vehicle on a public highway by a person while under the influence of intoxicating liquor

to such an extent that he cannot properly operate or drive the same.

### III.

"If you find that at the time of the accident the decedent was under the influence of intoxicating liquor to such an extent that he could not properly drive or operate said car, and that that fact proximately contributed to the accident, then you will find a verdict in favor of the defendant."

By its verdict the jury found against the defendant on the issue of intoxication, and no question is presented in this appeal thereon.

[1] Contending that the decedent encountered a known danger in a reckless manner and cannot recover, the appellant cites and relies on such authorities as *Buckingham* v. *Commary-Peterson Co.*, 39 Cal. App. 154 [178 Pac. 318]. The respondent replies, "The deceased was not looking for dangers at the time. What he was looking for was the red light which he had every reason to suppose would be at this place to warn him that he was approaching it." But the answer to that reply is: "Under all the circumstances and conditions existing, and with which he was perfectly familiar, he had no right to so assume." (*Murray* v. *Southern Pacific Co.*, 177 Cal. 1, 8 [169 Pac. 675].)

At the time of the accident it was provided by law (Stats. 1917, pp. 382, 397), "the headlights of all motor vehicles upon the highway shall give sufficient light to reveal any person, vehicle, or substantial object on the road directly ahead of such motor vehicle for a distance of at least 150 feet, . . . " It is the settled rule in this state that the violator of a statute is guilty of negligence *per se* if such violation contributes proximately to the accident. The portions of the record relied upon by appellant sustaining the attack based on the statute above quoted are to be found in the testimony given by the witness Russell, the only witness who testified on the subject. He was riding with deceased at the time of the accident. His testimony on these matters was as follows:

"Q. And you know that the lights were turned on before you got to the warehouse? A. Yes, sir. Q. And the car was equipped with electric lights, of course? A. Yes, common Ford lights. Q. Now, then, you say as you were riding along you were looking for these lights on this place? A.

Yes, sir. Q. And you knew the place was there? A. Yes, sir, I knew the place was there. Q. And so did Mr. Hutchinson? A. Yes, sir. Q. How far do the lights on a Ford, down a straight road like that, shine? A. About 20 or 30 feet. Q. How is that? A. About 30 feet. Q. It would be all darkness beyond that? A. Yes, sir. Q. That is your judgment. How fast were you traveling down that piece of road? A. About 20 miles an hour. Q. Did you have any speedometer on your car? A. No, sir.''

The respondent's reply to this attack by the appellant is to the effect that when the witness Russell testified that the lights shone twenty or thirty feet, and that the car was going twenty miles an hour, that he was giving expert evidence and that expert evidence is not necessarily binding on the jury. It is true that in some instances expert evidence is not binding on the jury. (*McLean* v. *Crow,* 88 Cal. 644, 649 [26 Pac. 596].) It is also true that there are cases in which expert evidence is necessary to the determination of the issue (*Houghton* v. *Dickson,* 29 Cal. App. 321 [155 Pac. 128]), and it is likewise true that not every opinion is necessarily expert evidence, and that many opinions are received from witnesses other than the expert witness. (22 C. J., p. 530, sec. 612.) Under the latter rule, witnesses who stood by and saw the movement have been allowed to testify regarding the speed of moving vehicles. (*Kramm* v. *Stockton Electric R. R. Co.,* 22 Cal. App. 737, 754 [136 Pac. 523].) However, it is also true that the opinions of a witness are not admissible where the jury, or the court acting as such, are equally capable with the witness of forming an opinion from the facts stated. (*Raymond* v. *Clover,* 122 Cal. 471, 476 [55 Pac. 398]; *Spencer* v. *Collins,* 156 Cal. 298, 307 [104 Pac. 320].) But, in the instant case, it is quite impossible to conceive that the jury could determine the speed of the decedent's car, or the power and adjustment of his lights, if the jury disregarded all of the evidence in the record on those subjects.

From what we have stated above it becomes very clear that the rights of the defendant in the instant case hung wholly upon the second and third theories concerning contributory negligence. That the condition of the record so far as the evidence is concerned, was shown and the foregoing attacks were made by the respondent in making its

motion for a nonsuit. However, the respondent did not offer any additional testimony, nor did he seek to cure any of the foregoing defects. Neither were the defects cured by any testimony thereafter introduced by the appellant. When the record stood in that form and as the defendant closed its case, the defendant prepared and asked the court to give instructions which the court modified and then gave as follows:

### III.

"You are instructed that at the time of the accident involved in this case the law required that at all times during the period from a half hour after sunset to a half hour before sunrise, every automobile while on a public highway shall carry at the front at least two lighted lamps showing white or yellow lights visible under normal atmospheric conditions at least 500 feet in the direction toward which such automobile is faced, and that such headlights upon all motor vehicles upon the highway shall give sufficient light to reveal any person, vehicle or substantial object on the road directly ahead of such motor vehicle for a distance of at least 150 feet, and shall also give sufficient side illumination to reveal any person, vehicle or substantial object 10 feet on the side of such motor vehicle at a point 10 feet ahead of the lamps.

### IV.

"You are instructed that if the automobile of the decedent was not equipped at such time and place with the lights described in the last instruction, that the same was illegally operated by the decedent, and such illegal operation as a matter of law constituted negligence, and if the same proximately contributed to (was the proximate cause of) the said injury, the plaintiff cannot recover."

(Trial court crossed out "proximately contributed to" and inserted parenthesis.)

### V.

"You are instructed that if you find that the decedent would have been able to have seen the obstruction within time to stop or slow down if his motor vehicle had been equipped with lights of such a character that they gave sufficient light to reveal a substantial object on the road directly ahead of such motor vehicle for a distance of at least 150 feet, and that the car of the decedent was not equipped with such lights (and that the failure to have it so equipped

was the proximate cause of the accident), then you are instructed to find a verdict in favor of the defendant.''
(Trial court inserted parenthesis.)

It is not claimed that instructions III, IV and V in the form requested were improper in any respect, and no legal objection has been called to our attention. In the form requested they were instructions on contributory negligence and concretely applied the law to the case on trial. In the modified form the instructions were not on contributory negligence, but became instructions on the subject of self-inflicted death. The respondent suggests that as all instructions are to be read together that instruction number I helps out the meaning of instructions III, IV and V. We do not agree with the suggestion. Instructions numbers I, II and III can be said to assist each other because all deal with contributory negligence. But they do not assist III, IV and V, which deal with self-inflicted injuries. As the jury was instructed it might well assume, and by reason of its verdict it doubtlessly did assume, that intoxication was the only element of contributory negligence which it was called upon to determine. To have a fair trial the defendant was entitled to have the jury fully and fairly instructed on all of the issues of and concerning contributory negligence, and it prepared and requested such instructions. In legal effect, some of those instructions were refused.

The judgment should be reversed, and it is so ordered.

Nourse, J., concurred.