[Civ. No. 5312. First Appellate District, Division One.—July 20, 1926.]

## JAMES E. CHALMERS et al., Appellants, v. LEE B. HAWKINS et al., Respondents.

[1] VERDICT—CIRCUMSTANTIAL EVIDENCE.—Circumstantial evidence in civil cases, in order to be sufficient to sustain the verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury.

[2] NEGLIGENCE—PEDESTRIAN STRUCK BY AUTOTRUCK—FINDINGS—EVIDENCE.—In this action for damages for personal injuries sustained by a pedestrian when struck by an autotruck while walking along a highway at night, the facts shown by the testimony fairly sustain the implied finding that plaintiff was struck and injured by the truck operated by defendants; and while the evidence does not exclude every supposition to the contrary, this conclusion and no other finds reasonable support from the known circumstances.

[3] ID.—OPERATION OF AUTOTRUCK—ABSENCE OF LIGHTS—PROXIMATE CAUSE—FINDINGS—EVIDENCE.—In such action, the evidence was sufficient to sustain the conclusion of the jury that the truck was negligently operated without lights as required by section 13 of the Motor Vehicle Act of 1915 (Stats. 1915, p. 397), as amended in 1919 (Stats. 1919, p. 191), and that such negligence proximately caused the injury.

[4] ID.—HIGHWAYS—RIGHTS OF PEDESTRIANS.—While it is the duty of pedestrians to use reasonable care for their own safety, they have the right to travel upon the highway and it is not negligence for them to do so.

[5] ID.—WANT OF ORDINARY CARE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.—The burden of proving a want of ordinary care proximately contributing to the injury rests upon the defendant, and must be affirmatively established unless it be shown or can be inferred from the evidence adduced in support of plaintiff's case.

[6] ID. — CONTRIBUTORY NEGLIGENCE — EVIDENCE. — In this action for damages for personal injuries sustained by a pedestrian when struck by an autotruck while walking along a highway at night, it is held that there is no evidence in the record, either direct or circum-

---

4. See 3 Cal. Jur. 870; 2 R. C. L. 1186.
5. See 19 Cal. Jur. 698; 20 R. C. L. 195.

stantial, which reasonably tends to support the defense of contributory negligence.

[7] ID. — REASONABLE CARE—INSTRUCTIONS—ABSENCE OF PREJUDICE.—In such action, an instruction that the jurors should consider what they would have done if they were in plaintiff's place, and whether she acted as a reasonable person would under the circumstances, was not prejudicial to defendants where no evidence was adduced from which the jury might reasonably have concluded that plaintiff was guilty of contributory negligence.

[8] ID.—INSTRUCTIONS — PRESUMPTIONS AS TO JURORS. — That jurors, selected as provided by law and whose functions are equal in importance to those of the officer presiding at the trial, are persons of ordinary intelligence is not legally open to question, and an instruction which assumes that fact and indicates their proper mental attitude in respect to the evidence, with the logical method to be pursued in their deliberations, while unnecessary, is not prejudicial.

[9] ID.—INSTRUCTIONS—DRIVER OF MOTOR VEHICLE—INABILITY TO SEE ROAD—ABSENCE OF LIGHTS.—In an action for damages for personal injuries sustained by a pedestrian when struck by an autotruck while walking along a highway at night, in view of evidence tending to show that the lamps of the truck were unlighted, it is not improper for the trial court to instruct the jury that it is negligence for the driver of a motor vehicle to continue his onward course when he is unable to see the road over which he is driving, and, if the jury should so find, it is negligence *per se* for the driver to proceed without lights when unable to see the road.

[10] ID.—FAILURE TO STOP TRUCK—DUTY OF DRIVER—ORDINARY CARE —INSTRUCTIONS.—In such action, that portion of an instruction directing a verdict for plaintiff if defendant, "seeing her, failed to stop his truck," was erroneous, it being the driver's duty, if he saw plaintiff, to exercise only ordinary care to avoid injuring her.

[11] ID.—EVIDENCE—INSTRUCTIONS—ABSENCE OF PREJUDICE.—In such action, in view of the testimony of the driver of the truck and those accompanying him that plaintiff was not seen by them at any time or injured by the truck, and there being no evidence adduced from which it might be inferred that plaintiff was seen by them, an instruction to find for plaintiff if defendant, seeing her, failed to stop his truck, while erroneous, cannot reasonably be said to have been prejudicial to an extent warranting a reversal.

8. See 24 Cal. Jur. 846.

[12] APPEAL — AFFIRMATIVE SHOWING OF ERROR — PRESUMPTIONS. —
Prejudice from error is not presumed, but the injury must appear
affirmatively from an examination of the entire cause, including
the evidence, or from the nature of the error itself.

(1) 23 C. J., p. 49, n. 51.  (2) 42 C. J., p. 1231, n. 21.  (3) 42
C. J., p. 1236, n. 36, p. 1237, n. 43.  (4) 42 C. J., p. 1146, n. 7, 11;
28 Cyc., p. 907, n. 56, p. 914, n. 23.  (5) 42 C. J., p. 1216, n. 74, 76;
29 Cyc., p. 601, n. 60, p. 602, n. 61.  (6) 42 C. J., p. 1238, n. 49.
(7, 8) 4 C. J., p. 1029, n. 30.  (9) 42 C. J., p. 896, n. 76, p. 1282,
n. 8.  (10) 42 C. J., p. 1032, n. 19.  (11) 4 C. J., p. 1033, n. 37.
(12) 4 C. J., p. 912, n. 77.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jennings & Belcher for Appellants.

Harry J. McLean for Respondents.

CASHIN, J.—An action to recover damages for personal
injuries sustained by Ora G. Chalmers in which her husband,
James E. Chalmers, has joined as a party plaintiff. The
jury returned a verdict for plaintiffs, upon which judgment
was entered, and defendants moved for a new trial, which
was denied. An appeal from the judgment was taken by the
latter and is presented on the judgment-roll with a bill of
exceptions.

Defendants urge as grounds for reversal an alleged in-
sufficiency of the evidence to sustain the verdict, errors in
the admission and in the denial of motions to strike out
portions of the testimony, together with the giving and
refusal of certain instructions.

The evidence shows that Mrs. Chalmers (who will be
hereinafter referred to as the plaintiff) on the evening of
September 4, 1920, became a passenger on a motor-bus run-
ning from Long Beach to Whittier, her destination being the
town of Hynes, near which she resided. The point nearest
to her destination on the route followed by the bus was the
intersection of two highways known as Artesia and Ocean

12. See 2 Cal. Jur. 1008.

Avenues, approximately one-half mile south of Hynes, to which the latter avenue leads. The bus proceeded north on Ocean Avenue, reaching the intersection at the hour of 10 P. M., its route being thence west on Artesia Avenue. The plaintiff, according to her testimony, alighted at the intersection, walked therefrom north on Ocean Avenue, keeping a distance of approximately two feet to the right of the paved portion thereof, to a point between 350 and 400 feet from Artesia Avenue where the injuries in question were received. Plaintiff was found between 10:30 and 11 o'clock on the same evening lying unconscious at the point last mentioned. Her body was about four feet to the east of the paved portion of the avenue, her clothing being partially torn therefrom, and portions of her clothing and articles carried by her were found to the north and south of this point. According to the testimony an indentation in the roadway along the east side of the pavement led from a point 70 feet south to the place where she was found and thence northwesterly 10 feet to the edge of the pavement. This indentation, as described by the witnesses, corresponded to the track of an autotruck equipped with double tires on the rear wheels, such being the equipment of a truck owned by the defendant Lee B. Hawkins as described by him at the trial. It was further shown that subsequent to the accident on that evening and the following morning there were found near and along the indentation mentioned drippings of beet pulp, from the location, appearance, and quantity of which, as described by the witnesses, it might reasonably be inferred that the indentations were made by a vehicle transporting that substance.

Plaintiff was unable to state how the accident occurred, testifying that she neither saw nor heard the approach of a vehicle, and that her first knowledge of the fact of her injuries was received upon regaining consciousness at the hospital to which she was taken. So far as shown by the testimony no one saw the occurrence which caused her injuries. The evidence further shows that the night was dark and that there were no lights along Ocean Avenue either at or near the scene of the accident.

Defendant Lee B. Hawkins, by whom defendant Frank Hawkins was employed as a driver, was at and prior to the

time of the accident following the business of trucking, with
his office at the town of Moneta, some miles west of Ocean
Avenue, using in such calling several Mack trucks.   Early
in the evening mentioned the driver Hawkins, with two
other employees, were sent by their employer to a point
near the town of Artesia, situated to the west of Ocean
Avenue, for the purpose of unloading a trailer which on that
day while conveying a load of beet pulp to the employer's
premises had broken down.   The employees mentioned, after
removing the beet pulp to the Mack truck, commenced the
return trip between 10 and 10:30 o'clock P. M., passed
along Artesia Avenue to the intersection mentioned and
thence north over Ocean Avenue.   Several persons who oc-
cupied the motor-bus on which plaintiff was a passenger
testified to meeting a Mack truck shortly after the plaintiff
alighted from the bus at a point on Artesia Avenue west of
the intersection, that the seat of the truck was occupied by
three persons, and that the truck carried no lights.   A wit-
ness, who conducted an oil station on Ocean Avenue between
the town of Hynes and the intersection mentioned, and his
wife, testified to the fact that a Mack truck passed the
station between 10:15 and 10:45 o'clock P. M., traveling
north at a speed between 18 and 30 miles per hour, and
that no lights were seen by them thereon.   Two witnesses
who passed south on the same avenue at about the same time
met a truck at a point between 200 and 500 feet north of
the intersection.   According to their testimony there were no
lights thereon.   The truck, as described by these witnesses,
was of the size and shape of a Mack truck, and its position
when seen was partially off the paved portion of the highway
to the east.   The employees mentioned testified that the
lights on their truck were burning, but that the lens of one
of the lamps was broken, over which, in order to prevent the
Presto-light flame from being extinguished by the breeze,
a cloth was held by one of them during the return trip.
Each of these employees denied that he saw or that the
truck  struck the plaintiff or that he had knowledge of the
accident on the evening that it occurred.   Plaintiff on that
evening wore a garment described by her as a mink fur
cape, and witnesses who subsequently examined a Mack
truck owned by defendant Lee B. Hawkins at his place of

business testified that they found adhering to a metal part projecting from under the body of the truck on the right-hand side thereof certain hair or fur, which was produced at the trial. A furrier testified that the cape worn by plaintiff, which was in evidence at the trial, and the fur found by the witnesses mentioned were both from the animal known as the kolinsky, a species of mink.

The foregoing is a statement in substance of the evidence which bears materially on the question of the cause of plaintiff's injuries, and an examination of the record discloses no prejudicial error in any of the particulars specified by defendants (exceptions 1 to 55, inclusive), either in its admission, the rulings sustaining objections to questions propounded by the latter or their motions to strike portions of the testimony.

[1] It is urged by defendants that the finding that plaintiff was struck and injured by the autotruck operated by defendants, being a conclusion based upon evidence which was largely circumstantial, the facts relied upon for its support must be such that the finding is the only conclusion that can fairly or reasonably be drawn therefrom, citing in support of this contention *Wilbur* v. *Emergency Hospital Assn.*, 27 Cal. App. 751 [151 Pac. 155], wherein the court, citing *Neal* v. *Chicago, R. I. & P. Ry. Co.*, 129 Iowa, 5 [2 L. R. A. (N. S.) 905, 105 N. W. 197], and other cases relied upon by defendants here, held that a theory cannot be said to be established by circumstantial evidence even in a civil action unless the facts relied upon are of such nature and so related to each other that it is the only conclusion that can fairly or reasonably be drawn from them. The same rule is declared in *Estate of Wallace*, 64 Cal. App. 107 [220 Pac. 682], with reference to which the supreme court, in denying a rehearing, said: "We do not wish to be understood as approving the statement of the rule by the District Court of Appeal as to the method of weighing circumstantial evidence when applied to a reviewing court on appeal. The correct rule is stated and applied in the recent cases of *Estate of Loucks*, 160 Cal. 551, 554 [Ann. Cas. 1913A, 868, 117 Pac. 673], *People* v. *Tom Woo et al.*, 181 Cal. 315 [184 Pac. 389], and *Mah See* v. *North American Acc. Ins. Co.*, 190 Cal. 421 [26 A. L. R. 123, 213 Pac. 42]."

In *People* v. *Tom Woo et al., supra,* an appeal from a judgment following conviction on a charge of murder, the evidence connecting appellants with the homicide being circumstantial, and it being contended that the evidence was insufficient to sustain the verdict, the court said, in affirming the judgment: "The principal question on this appeal is whether the evidence is sufficient to justify the verdict against appellants. In passing upon this question we will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. For it is the function of the jury in the first instance and the trial court after the verdict to determine what facts are established by the evidence; and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below."

As the rule is stated in other jurisdictions, circumstantial evidence in civil cases, in order to be sufficient to sustain the verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury. (*Midland Valley Ry. Co.* v. *Taylor,* 85 Okl. 95 [204 Pac. 1102] ; *Meier* v. *Northern Pac. Ry. Co.,* 51 Or. 69 [93 Pac. 691] ; *Pittsburg, C. C. & St. Louis Ry. Co.* v. *Hoffman,* 57 Ind. App. 431 [107 N. E. 315, 321] ; *Hashman* v. *Wyandotte Gas Co.,* 83 Kan. 328 [111 Pac. 468] ; *Lane* v. *South Kansas Mut. Ins. Co.,* 113 Kan. 365 [214 Pac. 92] ; *Farber* v. *Boston Ins. Co.* (Mo. App.), 256 S. W. 1079 ; *St. Louis B. & M. Ry. Co.* v. *Moss* (Tex. Civ. App.), 203 S. W. 777.)

[2] The facts shown by the testimony fairly sustain the implied finding that plaintiff was struck and injured by the truck operated by defendants; and while, as contended by them, the evidence does not exclude every supposition to the contrary, this conclusion and no other finds reasonable support from the known circumstances. It sufficiently appears from the evidence that plaintiff at the time of the accident was walking on the right or east side and off the

paved portion of the highway; that she saw no lights and was unaware of the approach of the truck, of which no warning was given. It also appears that the truck was seen on Artesia Avenue without lights at a point the distance from which to the place of the accident at the rate of speed maintained by the truck, as testified by the driver, would be covered within a few minutes; and, further, that a Mack truck without lights passed north along Ocean Avenue between 10:15 and 10:45 o'clock P. M. of the same evening.

Section 13 of the Motor Vehicle Act of 1915 (Stats. 1915, p. 397), as amended in 1919 (Stats. 1919, p. 191), provided that ''Where there is not sufficient light within the lateral boundaries of the public highway to reveal all persons, vehicles or other substantial objects within said boundaries for a distance of at least 200 feet at all times during the period between a half hour after sunset to a half hour before sunrise every automobile while on the public highway shall carry at the front at least two lighted lamps.'' [3] The evidence sustains the conclusion of the jury that the truck was negligently operated in that no lights were carried thereon as required by the statute, and that such negligence proximately caused the injury (*Hutchinson* v. *Miller & Lux,* 60 Cal. App. 1 [212 Pac. 394]; *Fenn* v. *Clark,* 11 Cal. App. 79 [103 Pac. 944]; *Western Indemnity Co.* v. *Wasco Land & Stock Co.,* 51 Cal. App. 672 [197 Pac. 390]).

[4] Defendants as a special defense alleged contributory negligence on the part of plaintiff. While it is the duty of pedestrians to use reasonable care for their own safety, it is the settled law that they have the right to travel upon the public highway, and it is not negligence for them to do so. [5] The burden of proving a want of ordinary care proximately contributing to the injury rests upon the defendant, and must be affirmatively established unless it be shown or can be inferred from the evidence adduced in support of plaintiff's case (*Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066]; *Hatzakorzian* v. *Rucker-Fuller Desk Co.,* 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709]). [6] Here no evidence, direct or circumstantial, which reasonably tends to support this defense appears from the record.

[7] Defendants except to the following instruction given by the court at the request of the plaintiff: "It is peculiarly appropriate that such a question shall be left to the judgment of a jury, who are presumably people of ordinary intelligence, and who under ordinary conditions would presumably exercise ordinary care. In considering the evidence, assuming each member of the jury to be such a person, and not unusually cautious or unusually reckless, he may well ask himself, what would I have done under such circumstances? So it would be well for you first to consider yourself in the place of the plaintiff, and consider what you would have done under the circumstances under which she was placed, and whether she acted as a reasonable person would under the circumstances. Then you should put yourselves in the place of the defendant driver, and determine whether, if you had been in his place you would have acted as he did, or whether he acted as a reasonably prudent person would have acted under the circumstances." The reference to plaintiff contained in this instruction can give defendants no ground for complaint. As stated, no evidence was adduced from which the jury might reasonably have concluded that plaintiff was guilty of negligence which contributed to her injuries; but the question remains whether the instruction as applied to the defendants was erroneous, and, if so, prejudicial.

A like instruction was disapproved in *Freeman* v. *Adams*, 63 Cal. App. 225 [218 Pac. 600]. In the later case of *Kelley* v. *Hodge Transp. System*, 197 Cal. 598 [242 Pac. 76], the court, in considering an instruction similar in form and substance, said: "It is difficult to understand how jurors, if not men of reasonable understanding, will be able to determine whether others whose conduct is under investigation acted in a reasonable manner."

[8] The jury represent the ideal prudent man whose assumed course of conduct under given circumstances constitutes ordinary care; and whether such care was used in view of the facts of a particular case—the question having been submitted to a jury—is necessarily determined by the sense and experience of the individual jurors collectively expressed in the verdict. That jurors selected as provided by law, whose functions are equal in importance to those of

the officer presiding at the trial, are persons of ordinary intelligence is legally not open to question; and an instruction which assumes the fact and indicates their proper mental attitude in respect to the evidence, with the logical method to be pursued in their deliberations, while unnecessary, cannot reasonably be said to have been prejudicial.

[9]   The court further instructed that "It is negligence for the driver of a motor vehicle to continue his onward course when he is unable to see the road over which he is driving."

In view of the evidence tending to show that the lamps of the truck were unlighted, this instruction was not improper. If the jury so found it was negligence *per se* for the driver to proceed on his course without lights (*Hutchinson* v. *Miller & Lux, supra; Fenn* v. *Clark, supra*).

[10]   Defendants complain of other instructions, none of which in our opinion was objectionable with the exception of instruction XXXII, which was as follows: "If you find from the evidence in this case that the plaintiff was walking down the highway, and that the defendant ran into and upon and struck the plaintiff, causing the injuries complained of, without seeing the plaintiff when an ordinarily prudent person would have seen her, or, seeing her, failed to stop his truck to avoid injuring the said plaintiff, and if such acts of the defendant contributed proximately to causing the injury complained of, and she was not guilty of negligence proximately contributing to the injury in any manner, then your verdict must be for the plaintiff."

As contended by defendants, if the driver saw the plaintiff it became his duty to exercise ordinary care to avoid injuring her, and the instruction directing a verdict for plaintiff if defendant, "seeing her, failed to stop his truck," was to that extent erroneous. [11]   The driver and those accompanying him denied that the plaintiff was seen by them at any time or was injured by the truck. In view of their testimony and the fact that no evidence was adduced from which it might be inferred that the plaintiff was seen by them, the instruction, while erroneous, cannot reasonably be said to have been prejudicial to an extent warranting a reversal. [12]   Prejudice from error is no longer presumed (*People* v. *O'Bryan,* 165 Cal. 55 [130 Pac. 1042];

*Vallejo etc. R. R. Co.* v. *Reed Orchard Co.*, 169 Cal. 545, 554 [147 Pac. 238]); and the fact that the reviewing court cannot say that such was not its effect is insufficient. The injury must appear affirmatively from an examination of the entire cause, including the evidence, or from the nature of the error itself (*Vallejo etc. R. R. Co.* v. *Reed Orchard Co., supra; People* v. *Mazzurco,* 49 Cal. App. 275, 280 [193 Pac. 164]; *People* v. *Chapman,* 55 Cal. App. 192, 201 [203 Pac. 126]). After such examination it is our conclusion that the findings of the jury are supported by the evidence, and that no error is shown by the record which was prejudicial to a degree justifying the opinion that such error resulted in a miscarriage of justice.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 16, 1926.